WILLIAMS v JOHNS

Docket No. 87070. Submitted August 27, 1986, at Detroit. Decided
January 6, 1987.

LaSheryl Williams brought an action in the Wayne Circuit Court
against Jerry Johns. Plaintiff alleged she sustained serious
injuries as a result of defendant's negligence relating to the
storage of combustible waste which led to a fire at the premises
rented by plaintiff from defendant. The trial court, Thomas
Roumell, J., granted summary disposition, ruling that no genu-
ine issue of material fact existed and defendant was entitled to
judgment as a matter of law, since plaintiff could not establish
any actionable negligence on the part of defendant or that any
alleged negligence was the proximate cause of her injuries
because the evidence disclosed that the fire had been deliber-
ately set by someone other than defendant. Plaintiff appealed.

The Court of Appeals *held:*

1. Regardless of how the fire started, the important question
in this case is whether the storage of combustible waste in the
stairwell of the premises was negligent. It is primarily a
question of fact that can only be decided by a jury. Therefore,
the trial court erred in failing to find that there was a genuine
issue of material fact on the question of whether defendant's
conduct was negligent.

2. Similarly, whether defendant's alleged conduct was a
substantial factor in causing harm to plaintiff so as to be a
proximate cause of plaintiff's injury is a question for the jury.

Reversed and remanded for trial.

REFERENCES

Am Jur 2d, Landlord and Tenant §§ 767, 805 *et seq.*

Am Jur 2d, Negligence §§ 127 *et seq.;* 153, 199 *et seq.;* 205, 219.

*Modern status of landlord's tort liability for injury or death of
tenant or third person caused by dangerous condition of premises.*
64 ALR3d 339.

Comment Note.—Foreseeability as an element of negligence and
proximate cause. 100 ALR2d 942.

See also the annotations in the Index to Annotations under Ques-
tions of Law and Fact.

1. Landlord and Tenant — Negligence — Common Area — Risk
    of Harm — Foreseeability.
    A landlord owes a duty to his tenants to protect them from
    unreasonable risks of harm resulting from foreseeable activities
    occurring within the common areas of the landlord's premises.

2. Negligence — Proximate Cause.
    The mere fact that a defendant's conduct is not the sole factor
    causing harm does not mean that an otherwise negligent
    defendant is relieved of all liability; the defendant's negligent
    conduct will be considered a proximate cause if it is a substan-
    tial factor in causing the harm.

3. Negligence — Defenses — Intervening Cause.
    An intervening cause is not an absolute bar to liability for
    negligence; liability is preserved where the intervening cause is
    foreseeable.

4. Negligence — Defenses — Intervening Cause — Jury Ques-
    tion.
    The question of whether an intervening act of negligence is a
    superseding cause, relieving the defendant of liability, is a
    question for the jury.

*Cornel Smith,* for plaintiff.

*Susan F. Reed,* for defendant.

Before: MacKenzie, P.J., and Bronson and R. A.
Benson,* JJ.

Per Curiam. Plaintiff appeals as of right from
the trial court's order granting summary disposi-
tion to the defendant pursuant to MCR
2.116(C)(10). We reverse and remand for further
proceedings.

Late in the evening of August 17, 1981, there
was a fire at an apartment building owned by the
defendant in which plaintiff resided as a tenant. In
order to escape the fire plaintiff jumped from a
third-floor window, sustaining serious injuries.
Plaintiff subsequently commenced the present neg-

---

* Circuit judge, sitting on the Court of Appeals by assignment.

ligence action against the defendant asserting that defendant created an unsafe and hazardous condition for his tenants by storing combustible waste material in the building which caused the fire to spread rapidly throughout the building. The plaintiff cited two city ordinances which the defendant's storage of combustible material inside the building allegedly violated.

The depositions of two arson investigators who investigated the fire for the Detroit Fire Department were taken on March 27, 1985. Both investigators concluded that the fire had originated in combustible trash that was stored at the base of the stairwell adjacent to the rear exit of the building. The fire damage started at the interior of the stairwell and along the halls. According to the arson investigators, the fire vented up the stairwell in a chimney-like fashion to the other floors. As the fire reached the ceiling level of the third floor it further spread down the hallways. The fire was described as being "very intense." As to the cause of the fire, the arson investigators concluded that the fire had been deliberately set.

The defendant moved for summary disposition arguing that, since the fire had been deliberately set, the plaintiff could not establish any actionable negligence on the part of the defendant or that any alleged negligence was the proximate cause of her injuries. Plaintiff argued at the summary disposition hearing that the defendant's act of storing a ready fuel supply in the stairwell was a violation of two city ordinances and a question of fact existed as to whether defendant was negligent regardless of how the fire started. Further, plaintiff offered the affidavit of an expert who indicated that the cause of the fire could have been accidental or intentional. The trial court agreed with the defendant and, relying on the testimony that the

fire had been deliberately set, granted defendant's motion for summary disposition.

A motion for summary disposition pursuant to MCR 2.116(C)(10) should be granted only if the trial court finds that there is no genuine issue of material fact and that the moving party is entitled to judgment as a matter of law. *Bennington Twp v Maple River Inter-County Drain Bd,* 149 Mich App 579, 584; 386 NW2d 599 (1986). In order to prevail, the movant must show that no future development of the evidence could justify a judgment in favor of the opposing party. The trial court should be liberal in finding that there is a question of fact, and all doubts should be resolved in favor of the nonmoving party. *Bennington, supra.*

In this case, we believe that the trial court clearly erred in not finding that a question of fact existed concerning whether the storage of combustible waste in the stairwell, where it could provide fuel for a fire and conduct that fire to the upper floors, was negligent. Detroit Ordinances, § 19-3-42, provides in part:

> Combustible waste or refuse shall be properly stored or disposed of at the end of each working day . . . and whenever necessary to prevent unsafe conditions.

Further, the city's fire prevention code, Detroit Ordinances, § 19-3-1, defines "fire hazard" as

> any situation, process, material or condition which on the basis of applicable data, may cause a fire or explosion or provide a ready fuel supply to augment the spread or intensity of the fire or explosion and which poses a threat to life or property of others.

Defendant's conduct in this case was arguably covered by these ordinances.

If a violation of these ordinances is established at trial, it would be evidence from which a jury could draw an inference of negligence. See *Carney v Dep't of Transportation,* 145 Mich App 690, 699; 378 NW2d 574 (1985), lv den 424 Mich 889 (1986). However, the trial court in this case focused on the question of how the fire started and not the defendant's conduct. The court appears to have concluded that the presence of combustible material on the premises was not negligent because the arson investigators did not testify that a fire hazard existed. While it is true that the investigators did not testify that they found any ordinance violation, it is also true that they were never asked any questions concerning ordinance violations on the property.

The deposition testimony of the arson investigators, however, did clearly establish that the origin of the fire was in combustible waste material stored at the bottom of the stairwell. In general, a landlord owes a duty to his tenants to protect them from unreasonable risks of harm resulting from foreseeable activities occurring within the common areas of the landlord's premises. *Aisner v Lafayette Towers,* 129 Mich App 642, 645; 341 NW2d 852 (1983), lv den 419 Mich 871 (1984). Regardless of how the fire started, the important question in this case is whether the storage of combustible waste in the stairwell, where it could and apparently did provide a ready fuel supply for a fire and cause that fire to spread to the upper floors threatening the safety of the tenants, was negligent. This is primarily a question of fact that can only be decided by a jury. Therefore, the trial court erred in failing to find that there was a genuine issue of material fact on the question of whether defendant's conduct was negligent.

The trial court also appears to have concluded

that, since the fire was deliberately set, the plaintiff could not establish that defendant's negligent conduct, if any, was the proximate cause of her injuries. We do not agree.

The mere fact that a defendant's conduct is not the sole factor causing harm does not mean that an otherwise negligent defendant is relieved of all liability. Defendant's negligent conduct will be considered a proximate cause if it is a substantial factor in causing the harm. *Taylor v Wyeth Laboratories, Inc,* 139 Mich App 389, 401-402; 362 NW2d 293 (1984), lv den 423 Mich 852 (1985). An intervening cause is not an absolute bar to liability if the intervening event is foreseeable, though negligent or even criminal, provided the prior negligence is still operating. *Hobrla v Glass,* 143 Mich App 616, 626; 372 NW2d 630 (1985). The question of whether an intervening act of negligence is a superseding cause, relieving the defendant of liability, is a question for the jury. *Francisco v Manson,* 145 Mich App 255, 263; 377 NW2d 836 (1985).

Judged by the above standards, it is clear that whether defendant's conduct was a proximate cause of plaintiff's injuries is a question for the jury. Resolving all doubts in favor of the plaintiff, the intervening act in this case must be considered reasonably foreseeable for purposes of defendant's motion. Thus, defendant knew or should have known that someone might accidentally or intentionally start a fire in the combustible material if not properly disposed of. There was evidence in the record that the presence of the waste material in the stairwell provided a ready fuel source and allowed the fire to spread easily to the upper floors. The issue of defendant's proximate cause and the nature of the intervening act should be decided by a jury.

Accordingly, the ruling of the trial court granting summary disposition to the defendant is reversed and the case is remanded for trial.

BRONSON, J., did not participate.