COY v RICHARD'S INDUSTRIES, INC

Docket Nos. 94415, 94616. Submitted March 3, 1988, at Grand Rapids. Decided August 16, 1988. Leave to appeal applied for.

Lee M. Coy brought an action in the Antrim Circuit Court against Richard's Industries, Inc., Al Springer, and William Melick, doing business as Cedar Lake Marine, seeking damages for injuries sustained in a parasail accident. The case against Richard's Industries was dropped when it went into bankruptcy. Plaintiff and Springer settled prior to trial. Plaintiff proceeded against Melick alleging negligence in failing to warn him of certain dangers involved in flying a parasail over land, that defendant breached a warranty of fitness for foreseeable uses, and that defendant supplied an inherently dangerous instrumentality. A jury determined that defendant was negligent in failing to warn plaintiff about flying over land, but that his negligence was not a proximate cause of plaintiff's injuries. A judgment of no cause of action was entered by the trial court, Charles M. Forster, J. Plaintiff's motion for new trial or judgment notwithstanding the verdict was thereafter denied. Plaintiff appealed, Docket No. 94415.

Prior to trial, plaintiff filed an offer to stipulate to entry of judgment in the amount of $300,000 after a proposed mediation award of no cause of action was returned on behalf of defendant and rejected by plaintiff. Defendant did not submit a counteroffer, but filed a motion to strike plaintiff's offer. The trial court denied defendant's motion to strike plaintiff's offer and ultimately refused to order plaintiff to pay defendant's costs and attorney fees. Defendant appealed, Docket No. 94616. The appeals were consolidated by the Court of Appeals.

The Court of Appeals *held:*

1. The trial court did not err in denying plaintiff's motion for

REFERENCES

Am Jur 2d, Costs §§ 10 *et seq.*

Am Jur 2d, Negligence §§ 127 *et seq.,* 147, 148, 192 *et seq.*

Am Jur 2d, Products Liability §§ 324 *et seq.*

Am Jur 2d, Trial §§ 608 *et seq.*

Failure to warn as basis of liability under doctrine of strict liability in tort. 53 ALR3d 239.

a new trial or judgment notwithstanding the verdict. The jury was instructed properly. The trial court did not err in failing to place before the jury plaintiff's claims of breach of implied and express warranties and submitting the case to the jury on the negligence claim alone.

2. The trial court properly refused to order plaintiff to pay defendant's costs and attorney fees as a result of defendant's failure to make a counteroffer to plaintiff's $300,000 offer to stipulate to entry of judgment.

Affirmed.

1. NEGLIGENCE — PROXIMATE CAUSE.

A defendant's negligent conduct will be considered a proximate cause of a plaintiff's injuries if it is a substantial factor in causing the harm.

2. NEGLIGENCE — INTERVENING CAUSE — SUPERSEDING CAUSE.

An intervening cause is one which comes into active operation in producing harm to another after the negligence of the defendant; the defendant is relieved from liability if the intervention is a superseding cause irrespective of whether his antecedent negligence was a substantial factor in bringing about the injury; the question whether the intervening act is a superseding cause is a question for the jury.

3. TRIAL — JURY INSTRUCTIONS — NONSTANDARD JURY INSTRUCTIONS.

A trial court may give nonstandard jury instructions on applicable law not covered by the Standard Jury Instructions (MCR 2.516[D][4]).

4. NEGLIGENCE — INHERENTLY DANGEROUS ACTIVITY.

The inherently dangerous activity theory applies strictly to cases involving the workplace and interrelationships between a general contractor or employer and a subcontractor or independent contractor.

5. PRODUCTS LIABILITY — INADEQUATE WARNING — IMPLIED WARRANTY — NEGLIGENCE.

Whether a manufacturer of a product is liable because of an inadequate warning of the risks inherent in the use of the product turns on the standard of reasonable care whether the plaintiff's theory is negligence, implied warranty, or strict liability; therefore, it is not error to refuse to instruct the jury on theories of breach of implied and express warranties and to submit the case solely on a theory of negligence where the factual issue is the adequacy of the warnings given.

6. Trial — Costs — Mediation — Stipulated Judgments.

    A trial court's refusal to order a plaintiff to pay the defendant's costs and attorney fees is proper where the plaintiff rejected a proposed mediation award of no cause of action, the plaintiff then offered to stipulate to entry of judgment in a certain amount, the defendant rejected that offer and made no counter-offer, and the jury thereafter returned a verdict for the defendant of no cause of action (MCR 2.403, 2.405).

*Fraser, Trebilcock, Davis & Foster, P.C.* (by *Michael H. Perry*), for plaintiff.

*James I. Sullivan, P.C.* (by *Dennis K. Taylor*), for William Melick.

Before: SULLIVAN, P.J., and MacKENZIE and G. SCHNELZ,* JJ.

MacKENZIE, J. In Docket No. 94415, plaintiff appeals as of right from a judgment of no cause of action entered upon a jury verdict and the trial court's subsequent denial of plaintiff's motion for new trial or judgment notwithstanding the verdict. In Docket No. 94616, defendant William Melick, doing business as Cedar Lake Marine, appeals as of right from the trial court's order sustaining plaintiff's objection to defendant's taxed bill of costs and denial of defendant's motion to strike plaintiff's offer to stipulate to entry of judgment. The appeals were consolidated by the Court of Appeals. We affirm in both cases.

On December 12, 1982, plaintiff attempted to fly in a "Super Chute" parasail which was in the possession of his friend Al Springer. Springer either borrowed the parasail from an employee of defendant or stole it from Anthony Schultz, who had purchased it from defendant. In any event, Springer borrowed a parasail harness from defen-

_____

* Circuit judge, sitting on the Court of Appeals by assignment.

dant's employee in preparation for plaintiff's flight. A four-page "Super Chute" brochure distributed by defendant and a sixteen-page training manual referenced in the brochure stated that the parasail could be flown over water while towed by boat or over land while towed by four-wheel off-road vehicle. As Springer towed plaintiff with a four-wheel truck over a frozen hayfield, the parasail collapsed and fell to the ground. Plaintiff is now paralyzed from the waist down.

This was plaintiff's first experience using a parasail. Springer had used a parasail fifteen to twenty times and had towed a parasail over water, but never over land. Prior to his flight, plaintiff looked at the four-page brochure but not the sixteen-page training manual, which states, among other "rules": "Keep landings on soft ground, i.e., sandy beaches, deserts." Instead, plaintiff relied upon Springer's claimed expertise in use of the parasail.

Plaintiff brought the instant action against Richards Industries, Inc., the manufacturer of the parasail, Springer, and defendant. The case against Richards was dropped when it went into bankruptcy. Plaintiff and Springer settled prior to trial. The case thus proceeded against defendant only on plaintiff's claims that defendant was negligent in failing to warn plaintiff of the dangers involved in flying over land, that defendant breached a warranty of fitness for foreseeable uses, and that defendant supplied an inherently dangerous instrumentality. At the close of trial, the jury determined that defendant was negligent in failing to warn plaintiff about flying over land, but that its negligence was not a proximate cause of plaintiff's injuries.

I

Plaintiff first contends that the trial court erred

in denying his motion for new trial or judgment notwithstanding the verdict. It is within the trial court's sound discretion to grant or deny a motion for a new trial on the basis that a jury's verdict was against the overwhelming weight of the evidence. *Detroit v Gorno Steel & Processing Co,* 157 Mich App 294, 308; 403 NW2d 538 (1987), lv den 429 Mich 870 (1987); *Cornforth v Borman's, Inc,* 148 Mich App 469, 482; 385 NW2d 645 (1986). This Court must afford deference to the trial court's decision and it will not substitute its judgment for that of the jury unless a review of the record reveals a miscarriage of justice. *White v Vassar,* 157 Mich App 282, 288; 403 NW2d 124 (1987); *Cornforth, supra.* When reviewing a motion for judgment notwithstanding the verdict, this Court views the evidence and all legitimate inferences that can be drawn from the evidence in a light most favorable to the nonmoving party. *Matras v Amoco Oil Co,* 424 Mich 675, 681; 385 NW2d 586 (1986). If reasonable jurors could honestly have reached different conclusions, the motion should have been denied. As long as reasonable jurors could have disagreed, neither the trial court nor this Court has the authority to substitute its judgment for that of the jury. *Matras, supra,* pp 681-682.

Plaintiff contends that the jury's verdict that defendant was negligent, but that the negligence was not the proximate cause of plaintiff's injuries, was contrary to the evidence. A defendant's negligent conduct will be considered a proximate cause if it is a substantial factor in causing the harm. Generally, when there are no policy considerations involved, the question whether an intervening act of negligence is a superseding cause relieving the defendant of liability is a question for the jury. See

*Heitsch v Hampton,* 167 Mich App 629; 423 NW2d 297 (1988). See also *Williams v Johns,* 157 Mich App 115, 120; 403 NW2d 516 (1987). An intervening cause is one which comes into active operation in producing harm to another after the negligence of the defendant. If this intervention is a superseding cause, the defendant is relieved from liability, irrespective of whether his antecedent negligence was or was not a substantial factor in bringing about the injury. *Heitsch, supra,* p 632.

Here, it is apparent that the jury determined that Springer's or plaintiff's conduct constituted a superseding cause of plaintiff's injuries. Such a determination was reasonable and not against the overwhelming weight of the evidence. There was testimony that Springer was not an expert in parasailing as he had claimed. Springer felt that he did not need to consult the training manual for information about over-land flights and that plaintiff only needed Springer's instruction, although he knew the manual existed. Springer elected to fly plaintiff over hard, frozen ground although he had never towed anyone over land and plaintiff had never flown before. There was testimony that he failed to properly observe the flying and landing area for irregularities, that he did not know what the wind speed was on the day of the accident, and that he failed to give plaintiff any instruction on the proper way to land, despite plaintiff's obvious reliance on his "expertise." Moreover, plaintiff admitted to knowledge of the existence of the sixteen-page manual, but failed to read the manual at Springer's house, either on the night before or the morning of the parasail incident, because he relied upon Springer's expertise in parasailing. In short, the evidence revealed that in spite of access that the two men (neither of whom was familiar with over-land flights) had to information regard-

ing such flights, both chose to disregard this information. We find no error by the trial court.

Plaintiff next contends that the trial court erred by refusing to instruct the jury with a requested nonstandard jury instruction regarding intervening negligence. Plaintiff requested the following instruction:

> The fact that an intervening act of a third person is negligent in itself or is done in a negligent manner does not make it a superseding cause of harm to another which the actor's negligent conduct is a substantial factor in bringing about, if
>
> (a) the actor at the time of his negligent conduct should have realized that a third person might so act, or
>
> (b) a reasonable man knowing the situation existing when the act of the third person was done would not regard it as highly extraordinary that the third person had so acted.

MCR 2.516(D)(4) authorizes the trial judge to give additional instructions on applicable law not covered by the Standard Jury Instructions. In this case, SJI2d 15.03 and 15.05 are jury instructions on more than one proximate cause and on intervening negligent acts of a third party. Specifically, the trial judge instructed the jury in accord with SJI2d 15.03 and 15.05 when he stated:

> Now, there may be more than one proximate cause. To be a proximate cause, the claimed negligence of the Defendant need not be the only cause nor the last cause. The cause may be proximate although it and another cause acted at the same time or in combination to produce the occurrence.
>
> If you decide that the Defendant was negligent and that such negligence was a proximate cause of the occurrence, it is not a defense that the conduct of Al Springer, who is not a party to this suit, also

may have caused this occurrence. However, if you decide that the only proximate cause of the occurrence was the conduct of Al Springer, who is not a party to this lawsuit, then your verdict must be for the Defendant.

Plaintiff's requested nonstandard instruction was essentially covered by the standard jury instructions and the court's refusal to give the nonstandard instruction was therefore not erroneous.

Plaintiff next contends that the trial court improperly granted defendant's motion for directed verdict on his claims of inherently dangerous activity and of breach of express and implied warranties. On appeal, this Court must give the nonmoving party the benefit of every reasonable inference that could be drawn from the evidence, and if reasonable minds could differ as to whether a plaintiff has met his burden of proof, a directed verdict is not appropriate and the case should be decided by the jury. *Dickerson v Nichols,* 161 Mich App 103, 107; 409 NW2d 741 (1987). Although a directed verdict in negligence cases is viewed with disfavor, *Goldman v Phantom Freight, Inc,* 162 Mich App 472, 477; 413 NW2d 433 (1987), lv den 429 Mich 867 (1987), we find no error here.

The inherently dangerous activity theory applies strictly to cases involving the workplace and interrelationships between a general contractor or employer and a subcontractor or independent contractor. *Bosak v Hutchinson,* 422 Mich 712, 724; 375 NW2d 333 (1985); *Muscat v Khalil,* 150 Mich App 114, 118; 388 NW2d 267 (1986). In this case, use of the parasail cannot be considered as an inherently dangerous activity because there is no employer or contractor situation. Therefore, the trial court did not err in failing to give plaintiff's requested instructions because plaintiff's instructions were not warranted by the evidence.

Likewise, the trial court did not err in failing to place before the jury plaintiff's claims of breach of implied and express warranties. The Supreme Court has held that when the factual issue is not whether the product is defective but, rather, is whether adequate warnings were provided, the existence of a defect and breach of duty is determined by the same standard, viz., reasonable care under the circumstances. *Smith v E R Squibb & Sons, Inc,* 405 Mich 79, 89-90; 273 NW2d 476 (1979). See also *Prentis v Yale Mfg Co,* 421 Mich 670; 365 NW2d 176 (1984). Because the determination whether a product is defective due to inadequate warnings requires proof of reasonable care, it does not matter if it is pled under the theory of negligence, implied warranty, or strict liability in tort. *Smith, supra,* p 90. Therefore, a trial court does not commit error by refusing to instruct the jury on implied warranty and submitting the case to the jury on the negligence claim alone. *Id.,* pp 90-91.

## II

After a proposed mediation award of no cause of action was returned on behalf of defendant and rejected by plaintiff, plaintiff filed pursuant to MCR 2.405 an offer to stipulate to entry of judgment in the amount of $300,000. Rather than submitting a counteroffer, defendant filed a motion to strike plaintiff's offer claiming that plaintiff's purpose for offering to stipulate to entry of judgment was to escape the cost sanctions of MCR 2.403 for plaintiff's rejection of the mediation award. This action constituted a rejection of the offer to stipulate. See MCR 2.405(C)(2)(b). The trial court ultimately refused to order plaintiff to pay defendant's costs and attorney fees pursuant to

MCR 2.405. In its appeal, defendant claims this was error. We disagree.

MCR 2.405(E), governing offers to stipulate to entry of judgment, provides:

> (E) Relationship to Mediation. In an action in which there has been both the rejection of a mediation award pursuant to MCR 2.403 and a rejection of an offer under this rule, the cost provisions of the rule under which the later rejection occurred control.

In this case, defendant's rejection of the offer to stipulate to entry of judgment occurred after plaintiff's rejection of the mediation award. Thus, the cost provisions of MCR 2.405 control.

MCR 2.405(D) provides in relevant part:

> Imposition of Costs Following Rejection of Offer. If an offer is rejected, costs are payable as follows:
>
> * * *
>
> (2) If the adjusted verdict is more favorable to the offeree than the average offer, the offeror must pay to the offeree the offeree's actual costs incurred in the prosecution or defense of the action. However, *an offeree who has not made a counteroffer may not recover actual costs.* [Emphasis added.]

Here, the jury's verdict of no cause of action was more favorable to defendant-offeree than plaintiff's $300,000 offer to stipulate to entry of judgment. However, defendant never made a counteroffer to that offer. Thus, under the unambiguous language of MCR 2.405(D)(2), defendant was not entitled to actual costs.

Affirmed.