## STACHURSKI v K MART CORPORATION

Docket No. 103099. Submitted May 1, 1989, at Detroit. Decided
    October 16, 1989. Leave to appeal applied for.

Francis J. Stachurski, an employee of K mart Corporation, pur-
    chased a seat cover from the sample store at K mart's head-
    quarters. Mr. Stachurski was injured while attempting to put
    the cover on the seat of a car when the clamp holding the cover
    in place snapped loose and hit him in the eye. Plaintiffs Francis
    J. Stachurski and Sharon Stachurski brought a products liabil-
    ity action against K mart in the Wayne Circuit Court. Mrs.
    Stachurski also asserted a claim for loss of consortium. The
    jury returned a verdict of $600,000 for Mr. Stachurski and
    $150,000 for Mrs. Stachurski. The trial court, Claudia Morcom,
    J., entered a judgment consistent with the verdict and thereaf-
    ter denied defendant's motion for a new trial. Defendant ap-
    pealed.

The Court of Appeals *held:*

1. The jury's verdict was not against the great weight of the
evidence. The record reveals neither an abuse of discretion nor
a miscarriage of justice.

2. The trial court properly denied defendant's motion for a
directed verdict.

3. The trial court properly granted plaintiffs' motion to strike
a comparative negligence instruction requested by defendant
since there was no evidence to support the instruction.

4. The trial court properly applied the collateral-source rule
to exclude evidence of the payment of Mr. Stachurski's medical
expenses and wage benefits from insurance policies obtained
through his employment with defendant.

5. The trial court did not abuse its discretion in denying
defendant's motion for a new trial on the basis that the jury's

REFERENCES

Am Jur 2d, Damages § 587; New Trial §§ 384, 394, 396; Products
    Liability §§ 324 *et seq.*; Trial §§ 492, 493, 496, 497, 651, 652.
See the Index to Annotations under Collateral Source Rule; Direc-
    tion of Verdict; Medical Care and Treatment; New Trial; Prod-
    ucts Liability.

verdict was excessive. The verdict did not exceed the limits of the damages proven at trial.

Affirmed.

GILLIS, P.J., concurred with the majority except for their finding that there was not sufficient evidence to support an instruction on comparative negligence. He would find that the refusal to give the instruction was not harmless error and would remand for a new trial.

1. APPEAL — NEW TRIAL — JURY.

The determination whether to grant a new trial on the basis that the verdict is against the great weight of the evidence is within the sound discretion of the trial court and will not be reversed absent a clear abuse of that discretion; the Court of Appeals will not substitute its judgment for that of the jury unless review of the record reveals a miscarriage of justice.

2. PRODUCTS LIABILITY — DUTY TO WARN.

A manufacturer or seller owes a duty to warn or inspect a product if he has reason to know or can readily ascertain that it is defective.

3. TRIAL — DIRECTED VERDICT.

A defendant is entitled to a directed verdict where the plaintiff has failed to establish a prima facie case; the trial judge may not take a factual question from the jury where a fact question is presented upon which reasonable minds could reach different conclusions.

4. TRIAL — JURY INSTRUCTIONS.

Pertinent portions of the Michigan Standard Jury Instructions must be given if they are applicable, accurately state the applicable law, and are requested by a party (MCR 2.516[D][2]).

5. TRIAL — JURY INSTRUCTIONS — COMPARATIVE NEGLIGENCE.

A trial court, to determine whether a comparative negligence instruction is appropriate, must view the evidence most favorably to the defendant and determine whether there is sufficient evidence for the jury to find negligence on the part of the injured plaintiff.

6. INSURANCE — DAMAGES — COLLATERAL-SOURCE RULE.

The common-law collateral-source rule provides that the recovery of damages from a tortfeasor is not reduced by the plaintiff's receipt of money in compensation for his injuries from other sources, such as insurance policies, where such money is not paid to discharge the liability of the tortfeasor.

7. APPEAL — NEW TRIAL — EXCESSIVE VERDICTS.

    Appellate courts must give due deference to a trial court's decision on a motion for a new trial which alleges that the jury's verdict was excessive and will reverse the trial court only if an abuse of discretion is shown.

*Lopatin, Miller, Freedman, Bluestone, Erlich, Rosen & Bartnick* (by *Richard E. Shaw* and *Eileen Vincenti*), for plaintiffs.

*Christopher R. Gullen,* for defendant.

Before: GILLIS, P.J., and MICHAEL J. KELLY and R. B. BURNS,* JJ.

MICHAEL J. KELLY, J. Defendant, K mart Corporation, appeals from the trial court's order denying its motion for a new trial after the jury returned verdicts in favor of plaintiffs Francis and Sharon Stachurski. We affirm.

Plaintiffs brought a products liability action against defendant over an automobile seat cover purchased by plaintiff Francis J. Stachurski. Mr. Stachurski, an employee of defendant's, purchased the seat cover from defendant's sample store at defendant's headquarters. As Mr. Stachurski fastened the seat cover to the driver's seat of his wife's car, a clamp holding the cover in place snapped loose and struck his left eye, injuring him. As a result of this injury, Mr. Stachurski twice underwent surgery to reattach the retina of his left eye. Mr. Stachurski currently cannot see out of his left eye. Sharon Stachurski's claim is a derivative action for loss of consortium.

The jury returned a verdict in favor of Mr. Stachurski for $600,000, and in favor of Mrs. Stachurski for $150,000. Defendant moved for a

---

    * Former Court of Appeals judge, sitting on the Court of Appeals by assignment.

new trial on the basis that the verdict was excessive and against the great weight of the evidence. The court denied defendant's motion.

Defendant raises five issues on appeal. We affirm.

I

Defendant argues that the circuit court erred by failing to grant defendant a new trial on the ground that the jury's verdict was against the great weight of the evidence.

The determination whether to grant a new trial on the basis that the verdict is against the great weight of the evidence is within the sound discretion of the trial court and will not be reversed absent a clear abuse of that discretion. *Bosak v Hutchinson,* 422 Mich 712, 737; 375 NW2d 333 (1985), reh den 424 Mich 1201 (1985). We afford deference to the trial court's decisions in these matters; we will not substitute our judgment for that of the jury unless review of the record reveals a miscarriage of justice. *Coy v Richard's Industries, Inc,* 170 Mich App 665, 669; 428 NW2d 734 (1988). We find neither an abuse of discretion nor a miscarriage of justice.

Defendant claims that plaintiffs presented insufficient evidence indicating that defendant was negligent for failing to warn Mr. Stachurski about risks inherent in the seat cover or by failing to test the seat cover for defects. We disagree. A manufacturer or seller owes a duty to warn or inspect a product if he has reason to know or can readily ascertain that it is defective. *Warner v General Motors Corp,* 137 Mich App 340, 346; 357 NW2d 689 (1984), lv den 422 Mich 852 (1985). Plaintiffs presented evidence that the seat cover in question was a prototype duplicating a seat cover

already purchased by defendant from another supplier. The manufacturer did not intend for this prototype to be sold and did not sell it to defendant, yet defendant sold it in their sample store. Defendant's buyer testified that the clamp used on the seat cover, which unfastened and struck Mr. Stachurski in the eye, was more likely to pull apart than a hook snap and that a hook snap was safer. Despite this knowledge, defendant did not safety test the seat cover. Plaintiffs' expert testified that the suspender-type clamp used in the seat cover was not a reasonable design as it was reasonably foreseeable that it would come loose, snap back and cause injury and that the hook snap was an economically and technologically feasible alternative. Defendant presented no expert testimony. Plaintiffs presented sufficient evidence from which the jury could conclude that defendant had reason to know or could readily ascertain that the seat cover was defective, and so had a duty to warn or inspect the product. The jury's verdict was not against the great weight of the evidence.

II

Defendant claims that the trial court erred by denying defendant's motion for a directed verdict. We find no error.

Defendant urges that it was entitled to a directed verdict on plaintiffs' claim that defendant breached its duty to warn Mr. Stachurski because plaintiffs failed to present evidence establishing that defendant had a duty to warn Mr. Stachurski.

A defendant is entitled to a directed verdict where the plaintiff has failed to establish a prima facie case. *Stoken v J E T Electronics & Technology, Inc,* 174 Mich App 457, 463; 436 NW2d 389 (1988). When a fact question is presented upon

which reasonable minds could reach different conclusions, the trial judge may not take the factual question from the jury. *Id.* As previously noted, our review of the record indicates that plaintiffs presented sufficient evidence from which the jury could conclude that defendant had a duty to warn Mr. Stachurski. Plaintiffs did establish a prima facie case, so the court properly denied defendant a directed verdict on this theory.

Defendant further claims that the trial court erred by denying it a directed verdict on plaintiffs' breach of implied warranty theory. We again find no error.

Defendant argues that it was not a merchant with respect to the car seat cover sold to plaintiff Francis Stachurski, so it did not owe him an implied warranty of merchantability. See MCL 440.2104; MSA 19.2104. This assertion is contrary to the evidence presented by plaintiffs. Defendant requested a manufacturer to produce a copy of a car seat cover already sold by defendant. This manufacturer made a prototype for defendant, using fasteners from the product already sold by defendant. Defendant decided not to use this prototype and, instead, sold it through its sample store. Plaintiffs presented sufficient evidence from which a jury could conclude that defendant was a merchant of goods of this type and so presented a prima facie case. Denial of defendant's motion for a directed verdict was proper.

III

Defendant claims that the circuit court erred by failing to give the jury defendant's requested instruction on comparative negligence. We disagree.

The circuit court found that there was no evidence to support defendant's proposed comparative

negligence instruction and granted plaintiffs' motion to strike this instruction. This action was proper.

Pertinent portions of the Michigan Standard Jury Instructions must be given if they are applicable, accurately state the applicable law, and are requested by a party. MCR 2.516(D)(2). Here, defendant's proposed jury instruction was not applicable and therefore should not have been given. To determine whether a comparative negligence instruction is appropriate, the court must view the evidence most favorably to the defendant and determine whether there is sufficient evidence for the jury to find negligence on the part of the injured plaintiff. *Duke v American Olean Tile Co*, 155 Mich App 555, 565-566; 400 NW2d 677 (1986).

Viewing the evidence presented most favorably to defendant, we find nothing to support defendant's assertion that the injured plaintiff was negligent. Defendant did not present direct evidence at trial indicating that Mr. Stachurski was negligent. On appeal, defendant asserts that Mr. Stachurski was negligent because he was not wearing his glasses at the time of his injury and because the fastener to the seat cover would not have released had Mr. Stachurski not fastened it incorrectly. Defendant did not present any testimony at trial to support these assertions, nor are these assertions supported by the record. The evidence presented showed that Mr. Stachurski was only slightly nearsighted prior to his injury and, although he had glasses, he did not wear them while performing his job as a professional photographer. Thus, it may be inferred that Mr. Stachurski did not need to wear his glasses to install the car seat cover. Defendant presented no evidence indicating that Mr. Stachurski would need to wear his corrective lenses to install the seat cover or that protec-

tive glasses were necessary to perform this simple mechanical task. Defendant's assertion of negligence was simply not supported by the evidence. The circuit court did not err in striking defendant's proposed comparative negligence instruction.

IV

Defendant argues that the trial court erred by prohibiting defendant from presenting evidence that it had already paid Mr. Stachurski's medical expenses and lost wages as part of his employment benefits. We find no error.

Prior to trial, plaintiffs moved to exclude from evidence the payment of Mr. Stachurski's medical expenses and wage benefits from insurance policies obtained through his employment with defendant. Plaintiffs claimed that these payments were within the collateral-source rule and so should be excluded. The trial court agreed and granted plaintiffs' motion to exclude. In *Tebo v Havlik,* 418 Mich 350, 366; 343 NW2d 181 (1984), our Supreme Court upheld the use of the collateral-source rule, which provides that recovery of damages from a tortfeasor is not reduced by plaintiff's receipt of money in compensation for his injuries from other sources, such as insurance policies. The Court noted:

> In the context of insurance, the rationale for the rule is that the plaintiff has given up consideration and is entitled to the contractual benefits. The plaintiff's foresight and financial sacrifice should not inure to the benefit of the tortfeasor, who has contributed nothing to the plaintiff's insurance coverage. [*Id.*]

The application of the collateral-source rule to

insurance payments was further explained in Justice LEVIN's dissenting opinion:

> The proceeds of insurance payable to the holder or beneficiary of a policy of insurance, as distinguished from insurance proceeds paid in discharge of the liability of a tortfeasor, are generally regarded as received from a collateral source and, thus, are not subtracted from a damage award against a tortfeasor who contributed to the injured person's loss. An injured person may, therefore, retain the proceeds of insurance paid to him as a policyholder or beneficiary and recover a second time from a tortfeasor. [*Tebo, supra,* pp 389-390.]

Here, the payments made to Mr. Stachurski compensating him for his medical expenses and lost wages were not insurance proceeds which were paid in discharge of defendant's liability as a tortfeasor. Rather, these benefits were earned by Mr. Stachurski through his employment with defendant. Following Justice LEVIN's logic in *Tebo,* we conclude that these payments should be regarded as received from a collateral source and so cannot be used to offset defendant's liability. See also *Beck v Edison Bros Stores, Inc,* 657 SW2d 326, 331 (Mo App, 1983). The court did not err by excluding this evidence.

V

Finally, defendant argues that the trial court erred in denying its motion for a new trial on the basis that the jury's verdict was excessive. We disagree.

Defendant argues that the jury's verdict is excessive and unsupported by the evidence and should so shock our judicial conscience as to require reversal. In the recent case of *Palenkas v Beau-*

*mont Hosp,* 432 Mich 527; 443 NW2d 354 (1989), our Supreme Court rejected the "shocks the conscience" standard for review of jury verdicts. Instead, the Court held that an appellate court must give due deference to the trial judge's decision and reverse the trial court only if an abuse of discretion is shown. *Palenkas, supra,* pp 531, 532-533. The trial judge, having witnessed all the evidence and the jury's reaction, is in the best position to determine whether the verdict is excessive and unsupported by the evidence. *Id.,* 531.

We find no abuse of discretion. We note that another panel of this Court upheld even larger verdicts for similar injuries. See *Danaher v Partridge Creek Country Club,* 116 Mich App 305, 314; 323 NW2d 376 (1982). Although the jury's verdict seems somewhat high, we cannot conclude that it exceeds the limits of the damages proven at trial. The trial court did not err in denying defendant's motion for a new trial on the basis of an excessive jury verdict.

Affirmed.

R. B. BURNS, J., concurred.

GILLIS, P.J., *(concurring in part and dissenting in part).* I believe that the trial court erred when it failed to instruct the jury on comparative negligence, even though I agree with the remainder of the majority opinion. Plaintiff Francis Stachurski testified to the conditions under which he installed the car seat cover and the method he used. Plaintiff Francis Stachurski also testified that, while he had prescription lenses, he was told that he did not need to wear them. Plaintiff Francis Stachurski had slightly myopic eyesight. Hence, questions were presented for the jury as to whether he was negligent when installing the car seat cover,

whether he needed his prescription lens to see what he was doing and whether the extensive damage to his eye would have occurred if he had been wearing his prescription lenses. Thus, I believe that such an instruction was supported by the evidence and that the trial court's refusal to give such an instruction was not harmless error. *Johnson v Corbet,* 423 Mich 304, 326; 377 NW2d 713 (1985). Hence, I would remand for a new trial. Cf. *Hierta v General Motors Corp (Supplemental Opinion),* 148 Mich App 796; 385 NW2d 690 (1986), remanded for reconsideration on other grounds 429 Mich 887 (1987).