■ Mark A. Andujar, Respondent, v Sears Roebuck & Co. et al., Appellants and Third-Party Plaintiffs, et al., Third-Party Defendant. [597 NYS2d 78] —Judgment, Supreme Court, New York County (Harold Baer, Jr., J.), entered on or about February 26, 1992, which, *inter alia,* awarded plaintiff $94,214 against defendant Sears Roebuck and Co. and $46,500 against defendant Emerson Electric Co., unanimously affirmed, with costs.

Plaintiff brought suit alleging that he sustained injury while using a table saw as a result of both defective design and inadequate warning. Inasmuch as Sears held itself out as the manufacturer of the saw, it is held to the same level of care as would any other manufacturer of a product for sale to the public *(see, Commissioners of State Ins. Fund v City Chem. Corp.,* 290 NY 64, 69; *see,* Restatement [Second] of Torts § 400). Accordingly, Sears had a duty to test for design defects. Thus, the court's charge that Sears, as a retailer, had that duty, was fully in accordance with the evidence adduced at trial.

We have considered all other claims and find them to be meritless. Concur—Sullivan, J. P., Carro, Wallach, Kupferman and Nardelli, JJ.