SEASWORD v HILTI, INC (ON REMAND)

Docket Nos. 172400, 172401. Submitted February 9, 1994, at Lansing. Decided November 22, 1994, at 9:20 A.M.

Eric Seasword brought a products liability action in the Oakland Circuit Court against Hilti, Inc., alleging negligent design of a drill whose use by the plaintiff resulted in injury to the plaintiff. The court, James S. Thorburn, J., granted summary disposition for the defendant, ruling that the defendant could not be held liable as the seller or the apparent manufacturer of the drill. The court, Edward Sosnick, J., also awarded the defendant certain costs and fees. By leave granted, the plaintiff appealed the grant of summary disposition for the defendant. By appeal as of right, the plaintiff appealed the award of costs and fees to the defendant. The Court of Appeals consolidated the appeals and, in an unpublished opinion per curiam, decided June 11, 1992 (Docket Nos. 149456, 120839), MacKenzie, P.J., and Wahls and Brennan, JJ., affirmed summary disposition with respect to liability as apparent manufacturer, reversed summary disposition with respect to liability as seller, and reversed the award of fees and costs. The Supreme Court remanded the case to the Court of Appeals for a determination whether the apparent manufacturer theory of liability should be incorporated into the products liability laws of Michigan. 444 Mich 947 (1994).

On remand, the Court of Appeals *held:*

The apparent manufacturer theory, under which one who puts out as his own product a chattel manufactured by another is subject to the same liability as though he were its manufacturer, may lead in a "design defect" case to the imposition of strict liability on a product seller that had no input in the design of the product. Because strict liability is not a theory of recovery under the products liability laws of Michigan, the apparent manufacturer theory cannot be adopted in Michigan.

Affirmed.

*Mark Granzotto* and *Gary M. Bloom,* for the plaintiff.

*Clark & Knight, P.C.* (by *William E. Clark*)

(*Bendure & Thomas* by *Amy R. Snell,* of Counsel), for the defendant.

ON REMAND

Before: MacKENZIE, P.J., and WAHLS and BRENNAN, JJ.

PER CURIAM. This products liability case is before this Court for the second time. Plaintiff was injured when a heavy drill that he was using twisted his wrist after the drill bit encountered a concrete rod. The drill was designed and manufactured by Hilti A.G., a Liechtenstein corporation. In his amended complaint, plaintiff alleged that the drill was negligently designed and that defendant was subject to liability because it designed and manufactured the drill, sold the drill, or held itself out as the manufacturer of the drill. Defendant moved for summary disposition on the ground that it did not manufacture, design, or sell the alleged defective drill.

In an unpublished opinion per curiam, decided June 11, 1992 (Docket Nos. 119456, 120839), this Court affirmed the trial court's order granting summary disposition of plaintiff's claim that defendant was liable because it held itself out as the manufacturer of the drill. However, this Court reversed summary disposition of plaintiff's claim that defendant was liable as the seller of the drill because defendant did not properly support its claim that it did not sell the drill in its motion for summary disposition.[1] The Michigan Supreme

---

[1] Defendant's affidavit stated only that "[t]he TE 22 Rotary Impact Drill which is the subject of this litigation, was designed and manufactured by Hilti A.G. and sold F.O.B. at its place of origin." We rejected defendant's argument that the averment permitted the inference that Hilti A.G. performed its own sales and distribution func-

Court has remanded the matter, directing us to decide whether, and to what extent, the apparent manufacturer theory "should or should not be adopted in this case." 444 Mich 947 (1994). We believe that the theory should not be adopted and affirm our previous opinion.

The apparent manufacturer theory is contained in 2 Restatement Torts, 2d, § 400, p 337:

> One who puts out as his own product a chattel manufactured by another is subject to the same liability as though he were its manufacturer.

Liability is imposed on anyone who supplies a defective product to others for their own use or for the use of third persons. 2 Restatement Torts, 2d, § 400, p 337, comment a. Apparent manufacturer cases usually involve a defendant labeling or affixing to the product its own name, trade name, or trademark, or an advertisement identifying the defendant as the maker of the product. 2 Restatement Torts, 2d, § 400, p 338, comment d. Because it is undisputed that the words "Hilti Inc., Tulsa, OK 74145" appear on the manufacturer plate affixed to the drill and there remains a question of fact whether defendant sold the drill to plaintiff's employer, it appears that plaintiff has stated a claim under the apparent manufacturer theory.

We must decide whether this theory should be incorporated into Michigan products liability law. To date, no Michigan court has recognized the apparent manufacturer theory as a valid cause of action. In *Turner v Bituminous Casualty Co,* 397 Mich 406, 426; 244 NW2d 873 (1976), our Supreme

---

tions to the exclusion of other company subsidiaries. Rather, we found that one could also reasonably infer that the drill was sold F.O.B. to defendant and thereafter to plaintiff's employer by defendant. Therefore, liability could be imposed upon defendant as the seller of the drill.

Court referred to § 400 in a case involving a products liability claim against a successor corporation:

> Because this is a products liability case, however, there is a second aspect of continuity which must also be considered. Where the successor corporation represents itself either affirmatively or, by omitting to do otherwise, as in effect a continuation of the original manufacturing enterprise, a strong indication of continuity is established. Justice would be offended if a corporation which holds itself out as a particular company for the purpose of sales, would not be estopped from denying that it is that company for the purpose of determining products liability. This was recognized in another context in the Restatement Torts, 2d, § 400, which decrees that "[o]ne who puts out as his own product a chattel manufactured by another is subject to the same liability as though he were its manufacturer." [Citations omitted.][2]

A number of jurisdictions have explicitly adopted or applied the apparent manufacturer theory.[3]

---

[2] This principle has been referred to as the "continuity of enterprise theory," under which the purchaser of assets who continues to manufacture and sell the product of the seller and who takes advantage of the trade name and good will of the seller is estopped from claiming that it has not also succeeded to the liabilities of the seller. This theory has been adopted by other states in successor liability cases. See *Chemical Design, Inc v American Standard, Inc,* 847 SW2d 488, 492 (Mo App, 1993).

[3] *Warzynski v Empire Comfort Systems, Inc,* 102 NC App 222, 226-227; 401 SE2d 801 (1991); *Burkert v Petrol Plus of Naugatuck, Inc,* 216 Conn 65, 78; 579 A2d 26 (1990) (finding no liability because General Motors was not involved in the sale of defective automatic transmission fluid); *English v Crenshaw Supply Co,* 193 Ga App 354; 387 SE2d 628 (1989); *Coca Cola Bottling Co, Inc v Reeves,* 486 So 2d 374, 378 (Miss, 1986); *Fahey v Rockwell Graphic Systems, Inc,* 20 Mass App 642, 650-651; 482 NE2d 519 (1985); *Hebel v Sherman Equipment,* 92 Ill 2d 368; 65 Ill Dec 888; 442 NE2d 199 (1982) (finding no liability under the theory); *Andujar v Sears, Roebuck & Co,* 193 AD2d 415; 597 NYS2d 78 (1993) (citing *Comm'rs of State Ins Fund v City Chemical Corp,* 290 NY 64; 48 NE2d 262 [1943]); *Sears, Roebuck & Co v Black,* 708 SW2d 925, 928 (Tex App, 1986); *Dildine v Clark Equipment Co,* 282 Ark 130, 137; 666 SW2d 692 (1984) (finding no

However, unlike Michigan, most of these jurisdictions have adopted strict tort liability as a theory of recovery in their products liability laws. MCL 600.2945; MSA 27A.2945. See 63 Am Jur 2d, Products Liability, § 537, pp 737-748.

Under Michigan law, both the manufacturer and the seller of a defective product are subject to liability for any injury arising from the product under the theories of breach of warranty and failure to warn. *Prentis v Yale Mfg Co,* 421 Mich 670, 692-693; 365 NW2d 176 (1984); *Gregory v Cincinnati, Inc,* 202 Mich App 474, 485-486; 509 NW2d 809 (1993); *Stachurski v K mart Corp,* 180 Mich App 564, 567; 447 NW2d 830 (1989). Therefore, were we to adopt the apparent manufacturer theory, a consumer could recover against the seller under the theory of negligent design. *Prentis, supra.* However, we believe that imposing liability for negligent design upon the seller is not feasible in light of the risk-utility test, adopted by our Supreme Court, which focuses on the quality of a manufacturer's decision in light of the prevailing standards and state of technology in existence at the time the product was designed. *Prentis, supra* at 687-688, 691. Regardless of whether the seller holds the product out as its own, the seller has no input in the design of the product. Thus, imposing liability would amount to strict liability, which this jurisdiction has declined to adopt.

Moreover, as noted by the Supreme Court, a negligence standard in a "design defect" case provides a greater incentive for the manufacturer to design safer products and promotes a primary purpose of products liability law: to encourage the

liability where the defendant did not distribute the defective product as its own); *Forry v Gulf Oil Corp,* 428 Pa 334; 237 A2d 593 (1968); *Sears, Roebuck & Co v Morris,* 273 Ala 218, 221-222; 136 So 2d 883 (1961).

design of safer products and thereby reduce the incidence of injuries. *Id.* at 689-690. Imposing liability upon the seller does not advance the underlying rationale of the risk-utility test. Accordingly, we decline to adopt the apparent manufacturer theory.

Affirmed.