SEASWORD v HILTI, INC (AFTER REMAND)

Docket Nos. 95069, 95070. Argued November 2, 1993 (Calendar
No. 5). Decided August 15, 1995.

Eric Seasword brought a products liability action in the Oakland
Circuit Court against Hilti, Inc., for injuries received while
using a power drill allegedly sold and distributed by the defen-
dant. The plaintiff's amended complaint asserted that the
defendant was liable as an apparent manufacturer because it
was a subsidiary of the manufacturer, Hilti A.G., because it
held itself out as the manufacturer and designer of the drill,
and because it was the seller of the drill. The court, James S.
Thorburn, J., granted summary disposition for the defendant.
The Court of Appeals, MacKenzie, P.J., and Wahls and
Brennan, JJ., affirmed in an unpublished opinion per curiam
the summary disposition of the parent-subsidiary and apparent-
manufacturer claims, but reversed the summary disposition of
the plaintiff's seller theories of liability (Docket Nos. 119456,
120839). The Supreme Court, while retaining jurisdiction, re-
manded the case to the Court of Appeals to further consider the
apparent-manufacturer doctrine. 444 Mich 947 (1994). On re-
mand, the Court affirmed in an opinion per curiam, rejecting
the apparent-manufacturer theory, finding it inconsistent with
Michigan's products liability law, and explaining that it would
impose strict liability on a nonmanufacturing seller (Docket
Nos. 172400, 172401). The parties appeal.

In an opinion by Chief Justice Brickley, joined by Justices
Cavanagh, Boyle, Riley, and Mallett, the Supreme Court
held:

1. Michigan's existing theories of seller liability and existing
tort doctrines, including piercing the corporate veil and succes-
sor liability, as well as the laws of agency, fraud, and misrepre-
sentation, preclude the need for an apparent-manufacturer
doctrine and diminish the doctrine's utility.

2. Absent some abuse of corporate form, parent and subsid-
iary corporations are separate and distinct entities. The corpo-
rate veil may be pierced only where an otherwise separate
corporate existence has been used to subvert justice or is
contrary to public policy. In this case, the plaintiff has alleged

no facts, nor offered any proof that Hilti, Inc., and Hilti A.G. have abused their presumably separate and distinct corporate forms. Summary disposition was properly granted.

Affirmed in part, vacated in part, and remanded for further proceedings.

Justice LEVIN, writing separately, stated that the Supreme Court should adopt the apparent-manufacturer doctrine.

Justice WEAVER took no part in the decision of this case.

207 Mich App 609; 525 NW2d 501 (1994) vacated.

*Mark Granzotto* and *Gary M. Bloom* for the plaintiff.

*Clark & Knight, P.C.* (by *William E. Clark*); *Bendure & Thomas,* of counsel (by *Mark R. Bendure* and *Sidney A. Klingler*), for the defendant.

BRICKLEY, C.J. This case involves liability of a nonmanufacturing seller for personal injuries that plaintiff Eric Seasword sustained while using a drill that is alleged to have been negligently designed. Plaintiff seeks recovery from defendant Hilti, Inc., on the basis of Hilti, Inc.'s, status as: (1) the nonmanufacturing seller or distributor of the drill (seller theory), (2) the apparent manufacturer of the drill, or (3) the subsidiary corporation of the manufacturer of the drill.

In this appeal, we are asked to decide whether the Court of Appeals erred by affirming the summary disposition of plaintiff's apparent-manufacturer theory and parent-subsidiary theory of liability.[1] For the reasons explained herein, we decline to adopt the apparent-manufacturer doctrine, and we affirm the decision of the Court of Appeals

_____

[1] Whether the Court of Appeals erred in reversing the summary disposition of plaintiff's theories of seller liability, is not an issue currently before this Court. Our earlier order granting defendant's cross appeal of that issue has been vacated because, in light of the procedural posture and our review of the record, we were no longer persuaded that the issues raised by the defendant should now be reviewed by this Court.

regarding the summary disposition of plaintiff's parent-subsidiary theory of liability.

I

FACTS

Plaintiff, Eric Seasword, was injured by a power drill while working for his employer on January 4, 1984. A plate attached to the drill bore the name and address of defendant, Hilti Incorporated. Imprinted in the drill itself were the words "HILTI" and "Made in Liechtenstein." The drill was designed and manufactured by Hilti A.G., a Liechtenstein corporation who was not made a defendant in this case.

In his amended complaint, plaintiff alleged that the drill was defective in its design and that Hilti, Inc., was subject to liability because it sold, distributed, and held itself out as the manufacturer of the drill.[2]

Defendant denied plaintiff's allegations and moved for summary disposition pursuant to MCR 2.116(C)(8) and MCR 2.116(C)(10). To support the denial that it sold the injurious drill, defendant submitted a sworn affidavit from its in-house counsel, stating that the drill had been "designed and manufactured by Hilti A.G. and sold F.O.B. at its place of origin." The affidavit further stated that Hilti A.G. was a foreign corporation, based in Liechtenstein and "distinct and separate" from Hilti, Inc.

In response to the motion for summary disposition, plaintiff asserted, for the first time and as an additional theory, that defendant could be liable as a subsidiary of Hilti, A.G., the manufacturer.

---

[2] Plaintiff amended his complaint in response to defendant's initial motion for summary disposition when it was established that Hilti A.G., not Hilti, Inc., was the designer and manufacturer of the drill.

On August 11, 1988, the trial court granted summary disposition for defendant on all counts, including plaintiff's parent-subsidiary claim. Plaintiff appealed.

The Court of Appeals, in an unpublished decision, reversed the summary disposition of plaintiff's seller theories of liability because it concluded that defendant failed to present sufficient evidence to support a finding that defendant did not sell the drill.[3] It affirmed the summary disposition of plaintiff's parent-subsidiary theory because plaintiff presented no evidence creating an issue of fact on that claim.[4] On remand from this Court,[5] the Court of Appeals also rejected plaintiff's apparent-manufacturer theory, finding it inconsistent with Michigan's products liability law and explaining that it would impose strict liability on a nonmanufacturing seller.[6]

Having retained jurisdiction on remand, we now address the issues that plaintiff has submitted for review of which the most jurisprudentially significant is whether we should supplement Michigan's products liability jurisprudence with an apparent-manufacturer doctrine.

### A. HOLDING OUT

The apparent-manufacturer theory, also referred to as the "holding out theory," is based on 2 Restatement Torts, 2d, § 400, p 337, which provides:

One who puts out as his own product a chattel

---

[3] Per curiam, issued June 11, 1992 (Docket Nos. 119456, 120839).

[4] *Id.*

[5] 444 Mich 947 (1994) (directing the Court of Appeals to decide whether, and to what extent the apparent-manufacturer theory should or should not be adopted in this case).

[6] 207 Mich App 609, 613-614; 525 NW2d 501 (1994).

manufactured by another is subject to the same liability as though he were its manufacturer.

This theory simply permits a factfinder to "transfer" the manufacturer's liability to that separate entity holding itself out as the manufacturer. When the doctrine applies, the nonmanufacturer is, in reality, substituted for the manufacturer.

The Model Uniform Product Liability Act (UPLA)[7] and many states have adopted some form of the apparent-manufacturer theory.[8] In the context of the UPLA and contemporary product liability laws of many other states, the apparent-manufacturer doctrine serves the purpose of assuring that some entity in the product enterprise remains answerable for injuries caused by defective products.

We believe, however, that Michigan's existing theories of seller liability and related tort doctrines, including piercing the corporate veil and successor liability, as well as laws of agency, fraud, and misrepresentation, preclude the need for an apparent-manufacturer doctrine and diminish the

[7] 44 CFR 62714.

[8] *Sears, Roebuck & Co v Morris*, 273 Ala 218, 221-222; 136 So 2d 883 (1961); *Dildine v Clark Equipment Co*, 282 Ark 130, 137; 666 SW2d 692 (1984); *Cravens, Dargan & Co v Pacific Indemnity Co Inc*, 29 Cal App 3d 594, 599; 105 Cal Rptr 607 (1972); *Burkert v Petro Plus of Naugatuck, Inc*, 216 Conn 65; 579 A2d 26 (1990); *Fahey v Rockwell Graphic Systems, Inc*, 20 Mass App 642, 650; 482 NE2d 519 (1985); *Hebel v Sherman Equipment*, 92 Ill 2d 368; 65 Ill Dec 888; 442 NE2d 199 (1982) (finding no liability under the theory); *Dudley Sports Co v Schmitt*, 151 Ind App 217, 222-223; 279 NE2d 266 (1972); *Tice v Wilmington Chemical Corp*, 259 Iowa 27, 41; 141 NW2d 616 (1966); *Davis v United States Gauge*, 844 F Supp 1443, 1448 (Kan, 1994); *Penn v Inferno Mfg Corp*, 199 So 2d 210 (La App, 1967); *Armour & Co v Leasure*, 177 Md 393, 411-412; 9 A2d 572 (1939); *Coca Cola Bottling Co v Reeves*, 486 So 2d 374, 378 (Miss, 1986); *Swindler v Butler*, 426 SW2d 78, 83 (Mo, 1968) (assumed doctrine applied); *Comm'r State Ins Fund v City Chemical Corp*, 290 NY 64, 69-70; 48 NE2d 262 (1943); *Rulane Gas Co v Montgomery Ward & Co, Inc*, 231 NC 270, 273-275; 56 SE2d 689 (1949); *Forry v Gulf Oil Corp*, 428 Pa 334, 344-345; 237 A2d 593 (1968); *Sears, Roebuck & Co v Black*, 708 SW2d 925 (Tex App, 1986); *Zamora v Mobil Corp*, 104 Wash 2d 199, 202-205; 704 P2d 584 (1985).

doctrine's utility.[9] Because nonmanufacturing sellers in Michigan continue to be answerable for design defects under existing tort theories, we find it unnecessary to adopt an *additional* theory under which nonmanufacturing sellers could be accountable for injuries caused by an allegedly defective product.

Accordingly, while the apparent-manufacturer doctrine serves important interests, not the least of which are accountability, protecting consumer expectations, and deterring abuse of corporate structures to evade tort liability, we believe that those objectives are adequately accomplished by existing laws and therefore do not necessitate an apparent-manufacturer doctrine. Thus, we decline to supplement our current products liability jurisprudence with the apparent-manufacturer doctrine.

### B. PARENT-SUBSIDIARY THEORY

Plaintiff's related theory of liability is premised on the alleged parent-subsidiary relationship between defendant and the manufacturer of this drill. We believe that the summary disposition of that claim was proper.

It is a well-recognized principle that separate corporate entities will be respected. *Wells v Firestone,* 421 Mich 641, 650; 364 NW2d 670 (1984). Michigan law presumes that, absent some abuse of corporate form, parent and subsidiary corporations are separate and distinct entities. See, e.g., *Herman v Mobile Homes Corp,* 317 Mich 233, 243; 26 NW2d 757 (1947); *Gledhill v Fisher & Co,* 272

[9] In addition to the various substantive laws, Michigan's long-arm statute and accompanying personal jurisdiction jurisprudence offer a procedural means of protecting the interest of accountability. See *Jeffrey v Rapid American Corp,* 448 Mich 178; 529 NW2d 644 (1995) (comprehensive overview of personal jurisdiction jurisprudence).

Mich 353, 357-358; 262 NW 371 (1935). This presumption, often referred to as a "corporate veil," may be pierced only where an otherwise separate corporate existence has been used to "subvert justice or cause a result that [is] contrary to some other clearly overriding public policy." *Wells, supra* at 650; *Helzer v F Joseph Lamb Co,* 171 Mich App 6, 9; 429 NW2d 835 (1988). More specifically, Michigan courts have generally required that a subsidiary must "become 'a mere instrumentality' of the parent" before its separate corporate existence will be disregarded. *Maki v Copper Range Co,* 121 Mich App 518, 524; 328 NW2d 430 (1982). See also *Shirley v Drackett Products Co,* 26 Mich App 644; 182 NW2d 726 (1970).[10]

This law makes it clear that in order to state a claim for tort liability based on an alleged parent-subsidiary relationship, a plaintiff would have to allege: (1) the existence of a parent-subsidiary relationship, and (2) facts that justify piercing the corporate veil. Plaintiff's parent-subsidiary theory is fatally deficient with respect to the second element.

While plaintiff's pleadings lack any indicia of a parent-subsidiary theory of liability, plaintiff did disclose that theory in response to the defendant's motion for summary disposition and the trial court considered it. Specifically, in opposition to summary disposition, plaintiff alleged that Hilti, Inc., was a subsidiary of Hilti A.G., the admitted manufacturer. Accepting that allegation as true, plaintiff has not stated a claim based on a parent-

[10] At least in the context of tort liability, relevant factors in showing that a subsidiary is a "mere instrumentality" of its parent might be that the parent and subsidiary shared principal offices, or had interlocking boards of directors or frequent interchanges of employees, that the subsidiary is the parent's exclusive distributing arm, or the parent's revenues are entirely derived from sales by the subsidiary. See, e.g., *Shirley v Drackett Products Co, supra;* see also *Bathory v Procter & Gamble Distributing Co,* 306 F2d 22 (CA 6, 1962).

subsidiary relationship because plaintiff has alleged no facts, nor offered any proof that defendant and Hilti A.G. have abused their presumably separate and distinct corporate forms. Absent such allegations or facts, plaintiff has failed to state a valid claim of parent-subsidiary liability.

Plaintiff characterizes the disposition of its parent-subsidiary theory as a "stealth" motion for summary disposition. When a covert theory of liability is uncovered by a stealth motion for summary disposition and that theory is *legally* insufficient, the interest of fairness sought to be advanced by pretrial procedure is not offended. Summary disposition pursuant to MCR 2.116(C)(8) was properly granted on plaintiff's parent-subsidiary theory.

We vacate the decision of the Court of Appeals, but affirm its earlier decision to the extent that it held that the summary disposition of plaintiff's parent-subsidiary theory of liability was proper. Remanded for further proceedings consistent with this opinion.

CAVANAGH, BOYLE, RILEY, and MALLETT, JJ., concurred with BRICKLEY, C.J.

LEVIN, J. (*separate opinion*). This Court should adopt the apparent-manufacturer doctrine.*

WEAVER, J., took no part in the decision of this case.

---

* One who puts out as his own product a chattel manufactured by another is subject to the same liability as though he were its manufacturer. [2 Restatement Torts, 2d, § 400, p 337.]

See cases so holding cited in the majority opinion, p 546, n 8.
See also Prosser & Keeton, Torts (5th ed), § 101, pp 706-707; 63 Am Jur 2d, Products Liability, § 165, pp 142-144; 1A Frumer & Friedman, Products Liability, § 601[2][b]; 1 Madden, Products Liability (2d ed), § 4.4, pp 121-124; 5 Harper, James & Gray, Torts (2d ed), § 28.28, pp 548-553.