# STATE OF MICHIGAN

# COURT OF APPEALS

ROCHELLE DANIEL,

        Plaintiff-Appellant,

v

AT&T INC.,

        Defendant-Appellee.

UNPUBLISHED
June 11, 2015

No. 320712
Wayne Circuit Court
LC No. 12-009433-CZ

Before: STEPHENS, P.J., and BORRELLO and GADOLA, JJ.

PER CURIAM.

Plaintiff, Rochelle Daniel, appeals as of right from the trial court's order granting defendant's motion for summary disposition under MCR 2.116(C)(10) and denying her motion to amend her complaint. For the reasons below, we affirm.

## I. BASIC FACTS AND PROCEDURE

In April 2009, plaintiff ordered high speed internet service (DSL) through AT&T, but after her internet equipment arrived, plaintiff claimed she was unhappy with the "many external wires connecting to [h]er small laptop," so she never used the service. Plaintiff alleged that on April 20, 2009, she called to disconnect her internet service, and on April 23, 2009, she shipped her internet equipment back to AT&T. On June 6, 2009, plaintiff received a collection alert letter from AT&T, stating that she owed $79.67 for her internet equipment. Plaintiff received a second collection alert letter from AT&T on June 18, 2009, and on June 25, 2009, she called to inform AT&T that she returned her internet equipment in April 2009. Plaintiff claimed that between July 2009 and February 2011, she received five collection letters from third-party collection agencies for the outstanding balance on her account. Plaintiff stated that on July 26, 2011, AT&T notified her that her account balance had been adjusted to zero.

On July 17, 2012, plaintiff filed the instant action against AT&T Inc., asserting one count of negligence and one count of false-light invasion of privacy. Under her negligence claim, plaintiff argued that AT&T had a duty to exercise reasonable care in reporting her account information to third-party collection agencies and that AT&T violated this duty by reporting false information about plaintiff's debt. Under her false-light invasion of privacy claim, plaintiff asserted that AT&T publicized false information about her debt to multiple third-party collection agencies, which resulted in emotional distress, embarrassment, humiliation, irreparable damage to her credit reputation, and a substantial reduction of her credit score. Plaintiff sought

-1-

$1,000,000 in damages on each claim. When AT&T Inc. did not respond to plaintiff's complaint, on November 26, 2012, plaintiff filed a motion for default judgment. On December 7, 2012, the trial court granted plaintiff's motion and ordered a future hearing on damages.

On December 20, 2012, defendant filed a motion via special appearance to set aside or void the default judgment and to dismiss the complaint. Defendant claimed that plaintiff failed to properly serve AT&T Inc. with a copy of the summons and complaint and failed to comply with the requirements of MCR 2.105(D) for service upon corporations. Defendant stated that AT&T Inc. was not a proper party to the suit because it did not do business in Michigan, did not have any employees in Michigan, did not have a Michigan mailing address, did not provide any services within Michigan, and therefore was not subject to jurisdiction within the state. Defendant also argued that plaintiff's claims were precluded by the Fair Debt Collection Practices Act, 15 USC 1692 *et seq.*, and the Fair Credit Reporting Act, 15 USC 1681 *et seq.*

Attached to its request to set aside the default judgment, defendant included the affidavits of Paula M. Phillips, AT&T Inc.'s legal administrator, and Steven Threlkeld, AT&T Inc.'s executive director of finance, who both stated that AT&T Inc. did not do business or provide any services in Michigan, did not have any employees in Michigan, did not maintain any property or addresses in Michigan, and did not transfer any of plaintiff's account information to third-party collection agencies. Both affiants stated that a separate corporate entity, SBC Internet Services, Inc., doing business as AT&T Internet Services (AT&T Internet Services), was the corporation that provided plaintiff's DSL service in Michigan, and was therefore the proper party to the suit. On February 22, 2013, the trial court granted defendant's request to set aside the default judgment, denied defendant's request to dismiss plaintiff's complaint for lack of jurisdiction, and ordered defendant to respond to the complaint within 21 days.

On June 28, 2013, defendant filed a motion for summary disposition pursuant to MCR 2.116(C)(7) (statute of limitations), (8) (failure to state a claim), and (10) (no genuine issue of material fact), again arguing that AT&T Inc. was not a proper party to the suit. Defendant contended that even if it was a proper party, plaintiff's claims were time-barred under the three-year statute of limitations for tort actions, and plaintiff failed to set forth a prima facie case as to either of her claims. Accompanying its motion, AT&T Inc. attached the affidavits of Phillips and Threlkeld and a copy of plaintiff's internet bill showing that her services were provided by "AT&T Internet Services."

On July 30, 2013, plaintiff filed a motion for leave to amend her complaint, stating that she wished to make the following alterations:

(1) change the caption to add AT&T Corp., AT&T Company, AT&T Services, Inc., and AT&T Internet Services, Inc.; (2) to clearly describe her Negligence and False Light claims; and (3) to change the filing date to July 6, 2012, the date that Plaintiff applied for an Order to Suspend Fees/Costs, plus submitted three copies of her complaint.

On January 1, 2014, the trial court granted defendant's motion for summary disposition, concluding that AT&T Inc. was not a proper party to the suit, and denied plaintiff's motion to amend her complaint, stating that plaintiff's proposed amendment would be futile.

II. ANALYSIS

A. SUMMARY DISPOSITION

Plaintiff first argues that the lower court erred in granting defendant's motion for summary disposition because AT&T Inc. and AT&T Internet Services acted as an integrated conglomerate. We disagree.

We review a trial court's decision on a motion for summary disposition de novo. *Maiden v Rozwood*, 461 Mich 109, 118; 597 NW2d 817 (1999). "Summary disposition is appropriate under MCR 2.116(C)(10) if there is no genuine issue regarding any material fact and the moving party is entitled to judgment as a matter of law." *West v Gen Motors Corp*, 469 Mich 177, 183; 665 NW2d 468 (2003). In reviewing a motion under this subsection, courts consider the pleadings, affidavits, depositions, admissions, and other documentary evidence presented in a light most favorable to the nonmoving party. *Maiden*, 461 Mich at 118.

"In presenting a motion for summary disposition, the moving party has the initial burden of supporting its position by affidavits, depositions, admissions, or other documentary evidence." *Quinto v Cross & Peters Co*, 451 Mich 358, 362; 547 NW2d 314 (1996). Once the moving party meets its burden, "[t]he burden then shifts to the opposing party to establish that a genuine issue of disputed fact exists." *Id.* In meeting its responsive burden, the nonmoving party may not rely on mere allegations in pleadings, and must set forth specific facts showing that disputed material issues of fact exist. *Id.* "If the opposing party fails to present documentary evidence establishing the existence of a material factual dispute, the motion is properly granted." *Id.*

It is a well-established principle that courts will respect separate corporate entities. *Wells v Firestone Tire & Rubber Co*, 421 Mich 641, 650; 364 NW2d 670 (1984). "Michigan law presumes that, absent some abuse of corporate form, parent and subsidiary corporations are separate and distinct entities." *Seasword v Hilti, Inc*, 449 Mich 542, 547; 537 NW2d 221 (1995). This presumption of separate corporate existence, referred to as the "corporate veil," will only be disregarded if a parent company used the separate corporate existence of a subsidiary to subvert justice or to achieve a result that contravenes public policy. *Wells*, 421 Mich at 650. Specifically, to pierce the corporate veil, a plaintiff must show "(1) that the corporate entity is a mere instrumentality of another entity or individual, (2) that the corporate entity was used to commit fraud or a wrong, and (3) that, as a result, the plaintiff suffered an unjust injury or loss." *Dutton Partners, LLC v CMS Energy Corp*, 290 Mich App 635, 643; 802 NW2d 717 (2010).

In its motion for summary disposition, AT&T Inc. asserted that it was an improper party to the suit because it was a distinct corporate entity from AT&T Internet Services, which provided plaintiff's internet service in Michigan. AT&T Inc. supported its motion by attaching the affidavits of Phillips and Threlkeld and a copy of plaintiff's internet bill showing that "AT&T Internet Services" was her internet provider. This evidence was sufficient to satisfy AT&T Inc.'s initial burden of proof pursuant to its motion for summary disposition under MCR 2.116(C)(10). See *Quinto*, 451 Mich at 362.

In response, plaintiff did not provide any documentary evidence showing that AT&T Inc. and AT&T Internet Services were the same corporate entity, or that AT&T Internet Services was

a mere instrumentality of AT&T Inc. such that a court could disregard their separate corporate existence. Instead, plaintiff merely speculated that Phillips and Threlkeld issued false affidavits as part of a scheme to defraud the trial court. Because plaintiff failed to present any documentary evidence supporting her theory that AT&T Inc. and AT&T Internet Services should be treated as a single corporate entity, the trial court did not err in granting defendant's motion for summary disposition under MCR 2.116(C)(10).

## B. COMPLAINT AMENDMENT

Plaintiff next argues that the trial court abused its discretion in denying her request to amend her complaint. We review a trial court's decision on a motion to amend a complaint for an abuse of discretion. *In re Kostin Estate*, 278 Mich App 47, 51; 748 NW2d 583 (2008). An abuse of discretion occurs when the court's decision falls outside the range of reasonable and principled outcomes. *Maldonado v Ford Motor Co*, 476 Mich 372, 388; 719 NW2d 809 (2006).

MCR 2.118(A)(2) states that "[e]xcept as provided in subrule (A)(1),[1] a party may amend a pleading only by leave of the court or by written consent of the adverse party. Leave shall be freely given when justice so requires." "If a court grants summary disposition under MCR 2.116(C)(8), (9), or (10), the court must give the parties an opportunity to amend their pleadings pursuant to MCR 2.118, unless the amendment would be futile." *Weymers v Khera*, 454 Mich 639, 658; 563 NW2d 647 (1997). "An amendment is futile where the paragraphs or counts the plaintiff seeks to add merely restate, or slightly elaborate on, allegations already pleaded." *Dowerk v Oxford Charter Twp*, 233 Mich App 62, 76; 592 NW2d 724 (1998).

On July 30, 2013, plaintiff moved to amend her original complaint to make the following alterations:

> (1) change the caption to <u>add</u> AT&T Corp., AT&T Company, AT&T Services, Inc., and AT&T Internet Services, Inc.; (2) to clearly describe her Negligence and False Light claims; and (3) to change the filing date to July 6, 2012, the date that Plaintiff applied for an Order to Suspend Fees/Costs, plus submitted three copies of her complaint.

Plaintiff's proposed amended complaint merely restated the claims of negligence and false-light invasion of privacy set forth in the original complaint. The only significant alteration between plaintiff's original complaint and her amended complaint was the addition of new parties in the caption. Specifically, plaintiff proposed to include AT&T Inc., AT&T Corp., AT&T Company, AT&T Services, Inc., and AT&T Internet Services, Inc., as parties to the suit. In the record below, the only evidence addressing which corporate entity was a proper party to the suit showed that SBC Internet Services, Inc., doing business as AT&T Internet Services, not AT&T Internet Services, Inc., the entity plaintiff sought to include in her amended complaint, was the corporate

---

[1] MCR 2.118(A)(1) provides that "[a] party may amend a pleading once as a matter of course within 14 days after being served with a responsive pleading by an adverse party, or within 14 days after serving the pleading if it does not require a responsive pleading."

entity providing plaintiff's internet service in Michigan. Plaintiff's proposed amended complaint merely restated allegations already pleaded in her original complaint and sought to add corporate entities that were not proper parties to the suit. Under these circumstances, the lower court did not abuse its discretion in denying plaintiff's motion to amend her complaint.

## III. CONCLUSION

The trial court did not err in granting defendant's motion for summary disposition, and did not abuse its discretion in denying plaintiff's request to amend her complaint. In light of our resolution of these issues, we need not reach the parties' remaining arguments concerning whether plaintiff's claims were time-barred by the relevant three-year statute of limitations.

Affirmed.

/s/ Cynthia Diane Stephens
/s/ Stephen L. Borrello
/s/ Michael F. Gadola