# STATE OF MICHIGAN

# COURT OF APPEALS

UNION MUSIC COMPANY, INC.,

        Plaintiff-Appellee,

v

ALLBCO, INC,

        Defendant,

and

DANIEL J. GRETKA and DANIEL W. GRETKA,

        Defendants/Appellants.

UNPUBLISHED
October 18, 2016

No. 327339
Wayne Circuit Court
LC No. 13-004505

Before: MURRAY, P.J., and CAVANAGH and WILDER, JJ.

PER CURIAM.

Defendants Daniel J. Gretka (Daniel J.) and Daniel W. Gretka (Daniel W.) appeal as of right from the trial court's orders granting judgment against them in favor of plaintiff in this debt collection action. We affirm.

On appeal, Daniel J. and Daniel W. argue that the default judgment in this case against Allbco, Inc., for which Daniel J. is resident agent, was improperly entered. This issue is pivotal because both Daniel J. and Daniel W. were held to be personally liable for the default judgment against Allbco, Inc. Specifically, Daniel J. and Daniel W. contend that plaintiff's counsel misled the trial court in representing the facts leading up to the entry of the default judgment, particularly with regard to the relevant hearing dates. Daniel J. and Daniel W. also assert that judgment was improperly entered against Daniel W. in particular where this case and a prior action arising from the same facts were improperly consolidated. We disagree.

For an issue to be properly preserved for appeal, it must be raised before and decided by the trial court. *Fast Air, Inc v Knight*, 235 Mich App 541, 549; 599 NW2d 489 (1999). Because this issue was not first raised in the trial court, it was not properly preserved for this Court's review. Unpreserved issues are reviewed for plain error affecting substantial rights. *Kern v Blethen-Coluni*, 240 Mich App 333, 336; 612 NW2d 838 (2000).

-1-

To the extent Daniel W. and Daniel J.'s arguments challenge the trial court's application of MCR 2.505, addressing the consolidation of cases, this Court will review de novo the trial court's application of the court rules. *Dextrom v Wexford Co*, 287 Mich App 406, 416; 789 NW2d 211 (2010).

The court rule governing the entry of defaults and default judgments is MCR 2.603, which provides, in pertinent part:

**(B) Default Judgment**.

\* \* \*

(3) *Default Judgment Entered by Court*. In all other cases, the party entitled to a default judgment must file a motion that asks the court to enter the default judgment.

\* \* \*

(4) *Notice of Entry of Default Judgment*. The court clerk must promptly mail notice of entry of a default judgment to all parties. The notice to the defendant shall be mailed to the defendant's last known address or the address of the place of service. The clerk must keep a record that notice was given.

We first note that this Court's request for information not found in the lower court file pertinent to this issue was not satisfied by Daniel J. and Daniel W. It was incumbent on Daniel W. and Daniel J. to provide a copy of necessary transcripts. MCR 7.210(B)(1) ("The appellant is responsible for securing the filing of the transcript as provided in this rule.") Also, Daniel J. and Daniel W. bore responsibility to ensure that this Court had a complete record to review their claims of error on appeal. "[G]enerally, the appellant bears the burden of furnishing the reviewing court with a record that verifies the basis of any argument on which reversal or other claim for appellate relief is predicated." *Petraszewsky v Keeth*, 201 Mich App 535, 540; 506 NW2d 890 (1993) (citation omitted).

However, after a close review of the existing lower court file, there is nothing to suggest that the trial court erred in entering a default judgment against Allbco, Inc. While plaintiff concedes that there was an error leading to confusion concerning the location of the July 12, 2013 hearing on its motion for entry of default judgment, the record reflects that a default judgment was not entered until almost three months later, after service by mail was effectuated. Further, the notice of hearing filed in the lower court file for the July 12, 2013 hearing confirms that the hearing was to be held in the Wayne Circuit Court, not the Oakland Circuit Court. Accordingly, there is nothing in the existing record that would lead us to conclude that the default judgment was improperly entered. Also, Michigan courts favor a policy against setting aside properly entered defaults and default judgments. *Huntington Nat'l Bank v Ristich*, 292 Mich App 376, 389-390; 808 NW2d 511 (2011). Under the circumstances, we are not persuaded that plain error occurred in this case.

Daniel W. and Daniel J. also argue that the trial court erred in consolidating the first action with the present case without an order. We have reviewed the lower court file and there is

no indication that the first action and the present case were consolidated. During one of the hearings on plaintiff's motion for summary disposition, the trial court confirmed that its order was holding Daniel W. personally liable only for the default judgment entered against Allbco, Inc., not Con Del Properties, the entity involved in the first action. The argument, therefore, lacks merit.

Daniel J. and Daniel W. next argue that the trial court erred in piercing the corporate veil against Daniel J., holding him personally liable for the default judgment entered against Allbco, Inc. We disagree.

This Court will review de novo the trial court's decision regarding whether to pierce the corporate veil "because piercing a corporate veil is an equitable remedy." *Florence Cement Co v Vettraino*, 292 Mich App 461, 468; 807 NW2d 917 (2011). Likewise, we review de novo a trial court's decision on a motion for summary disposition. *Maiden v Rozwood*, 461 Mich 109, 118; 597 NW2d 817 (1999). This Court will review the entire record to determine if the moving party was entitled to judgment as a matter of law. *Id*.

> A motion under MCR 2.116(C)(10) tests the factual sufficiency of the complaint. In evaluating a motion for summary disposition brought under this subsection, a trial court considers affidavits, pleadings, depositions, admissions, and other evidence submitted by the parties, MCR 2.116(G)(5), in the light most favorable to the party opposing the motion. Where the proffered evidence fails to establish a genuine issue regarding any material fact, the moving party is entitled to judgment as a matter of law. MCR 2.116(C)(10), (G)(4). *Quinto v Cross & Peters Co*, 451 Mich 358; 547 NW2d 314 (1996). [*Maiden*, 461 Mich at 120.]

In *Gallagher v Persha*, ___ Mich App ___, ___; ___ NW2d ___ (2016) (Docket No. 325471); slip op at 3, this Court recently recognized that "Michigan law respects the corporate form[.]"

> As has been said many times before today, Michigan law respects the corporate form, and our courts will usually recognize and enforce separate corporate entities. See, e.g., *Wells v Firestone Tire and Rubber Co*, 421 Mich 641, 650-651; 364 NW2d 670 (1984) and *Seasword v Hilti, Inc*, 449 Mich 542, 547-548; 537 NW2d 221 (1995) ("It is a well-recognized principle that separate corporate entities will be respected"). But "usually" means not *always*, and when the requisite evidence establishes that the corporate form has been abused, the corporate form will be pierced so that creditors (and sometimes others) can seek payment of a corporate debt (like the judgment in this case) from a responsible corporate shareholder. See *Florence Cement Co v Vettraino*, 292 Mich App 461, 468-469; 807 NW2d 917 (2011). Consequently, piercing the veil of a corporate entity is an equitable remedy sparingly invoked to cure certain injustices that would otherwise go unredressed in situations "where the corporate entity has been used to avoid legal obligations." *Wells*, 421 Mich at 651. [*Gallagher*, ___ Mich App at ___; slip op at 3-4 (footnote omitted).]

When deciding whether to pierce the corporate veil, "a court must first examine the totality of the evidence surrounding the owner's use of an artificial entity and, in particular, the manner in

-3-

which the entity was employed in the manner at issue." *Green v Ziegelman*, 310 Mich App 436, 458; 873 NW2d 794 (2015). The court must then discern if the evidence supports a conclusion that the owner operated the corporate entity "as his or her alter ego—that is, as a sham or mere agent or instrumentality of his or her will." *Id*. The court must then decide if "the manner of use effected a fraud or wrong on the complainant." *Id*.

> In considering this element, it is not necessary to prove that the owner caused the entity to directly harm the complainant; it is sufficient that the owner exercised his or her control over the entity in such a manner as to wrong the complainant. [*Id*.]

"Finally, the trial court must determine whether the wrong would cause the complainant to suffer an unjust loss. If disregarding the separate existence would harm innocent third parties, it may be just to allocate the loss to the complainant, notwithstanding the wrong." *Id*. at 459 (citations omitted).

Viewing the totality of the circumstances, the trial court correctly concluded that the corporate veil should be pierced under the circumstances of this case. See *id*. at 458. The record evidence confirmed that Daniel J. operated Allbco, Inc. in an informal and casual manner that allowed him to use the corporation as an instrumentality to effectuate his will, and that by exercising his control over Allbco Inc., this led to plaintiff being wronged. See *id*. Daniel J.'s deposition testimony confirmed that Allbco's business matters were conducted loosely, casually and without basic required documentation. The record evidence also confirmed that Daniel J. received significant cash proceeds from the sale of Allbco Inc.'s assets, which happened to take place during the pendency of litigation by plaintiff to collect on debts Allbco Inc. owed. Under these circumstances, the trial court correctly concluded that Daniel J.'s wrongful actions led to plaintiff incurring a significant unjust loss. See *id*. at 459. We note that Daniel J. and Daniel W. point this Court's attention to evidence that was filed in the lower court after the trial court rendered its decision in this matter, which does indicate that some formal recordkeeping was done for Allbco, Inc. However, even viewing this documentary evidence in the light most favorable to Daniel J. and Daniel W., *Maiden*, 461 Mich at 120, this evidence does not alter our conclusion that genuine issues of material fact did not exist concerning whether Daniel J. used Allbco, Inc. as a mere instrumentality, amounting to a wrong that caused an unjust loss to plaintiff. See *Green*, 310 Mich App at 458-459.

Daniel J. and Daniel W. next contend that summary disposition was improperly granted in favor of plaintiff where the contracts at issue between plaintiff and Allbco, Inc. were paid. We have thoroughly reviewed the evidence Daniel J. and Daniel W. refer to in support of their assertion that the contracts at issue were satisfied. However, once the default judgment was entered, this settled the question of Allbco Inc.'s liability regarding the allegations against it, and Daniel W. and Daniel J.'s attempt to relitigate these issues is improper. "It is an established principle of Michigan law that a default settles the question of liability as to well-pleaded allegations and precludes the defaulting party from litigating that issue." *Wood v Detroit Auto Inter-Ins Exch*, 413 Mich 573, 578; 321 NW2d 653 (1982).

Daniel W. and Daniel J. also assert on appeal that plaintiff's counsel engaged in unethical behavior in the trial court. Notably, Daniel W. and Daniel J. do not cite any authority, such as

case law or the Michigan Rules of Professional Conduct, in support of their assertions. "It is not sufficient for a party 'simply to announce a position or assert an error and then leave it up to this Court to discover and rationalize the basis for his claims, or unravel and elaborate for him his arguments, and then search for authority either to sustain or reject his position.'" *Wilson v Taylor*, 457 Mich 232, 243; 577 NW2d 100 (1998), quoting *Mitcham v Detroit*, 355 Mich 182, 203; 94 NW2d 388 (1959). After a thorough review of the lower court file, we have found no indication of unethical behavior on the part of plaintiff's counsel. Moreover, the court rules set out a specific procedure for a complainant to follow when initiating professional disciplinary proceedings against an attorney, therefore this Court is not the proper forum for Daniel W. and Daniel J. to assert these matters, and it would be inappropriate for this Court to address these matters further.

Affirmed.

/s/ Christopher M. Murray
/s/ Mark J. Cavanagh
/s/ Kurtis T. Wilder