*If this opinion indicates that it is "FOR PUBLICATION," it is subject to
revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

LIVONIA CITY TREASURER and CITY OF
LIVONIA,

UNPUBLISHED
April 16, 2025
11:14 AM

　　　　　Plaintiffs-Appellees,

v

No. 369242
Wayne Circuit Court
LC No. 23-004161-AV

SETINA BRIGGS,

　　　　　Defendant-Appellant,

and

AMOR TRANSPORTATION, LLC,

　　　　　Defendant.

Before: YATES, P.J., and O'BRIEN and FEENEY, JJ.

PER CURIAM.

In this action to recover unpaid personal-property taxes, defendant-appellant, Setina Briggs, appeals by leave granted[1] the circuit court's order affirming the district court's grant of summary disposition to plaintiffs-appellees, Livonia City Treasurer and City of Livonia, under MCR 2.116(C)(10) (no genuine issue of material fact). We reverse and remand for further proceedings.

## I. FACTS

This case was originally filed in the district court, with the underlying complaint alleging that defendant, Amor Transportation, LLC, failed to pay personal-property taxes owed to plaintiffs, and Briggs, as the sole owner and resident agent of Amor, was personally liable for the

---

[1] *Livonia City Treasurer v Briggs*, unpublished order of the Court of Appeals, entered May 9, 2024 (Docket No. 369242).

-1-

payment of those unpaid taxes under the Michigan General Property Tax Act, MCL 211.1 *et seq*. There was no dispute that Amor failed to pay the assessed taxes. Plaintiffs moved for summary disposition under MCR 2.116(C)(10), arguing that the district court should pierce the corporate veil and hold Briggs personally liable for Amor's debt. Defendants responded, (1) stipulating to the relief requested by plaintiffs with respect to Amor, but (2) requesting that plaintiffs' complaint be dismissed under MCR 2.116(I)(2) as to Briggs because plaintiffs offered no evidence warranting piercing the corporate veil and commenced no discovery. The district court granted plaintiffs' motion for summary disposition, and Briggs appealed to the circuit court. Briggs asked the circuit court to reverse, arguing that the district court's decision was made on the basis of Briggs being Amor's sole owner and member and Briggs's failure to notify plaintiffs of Amor's dissolution, which was insufficient to justify piercing the corporate veil.

The circuit court found there was no dispute as to the following: (1) Briggs was the sole owner and member of Amor; (2) Briggs failed to file annual statements for Amor; (3) the amount of the 2018 and 2019 tax assessments; (4) Amor's 2018 and 2019 tax assessments had not been paid; (5) Amor's tax returns had not been timely filed; and (6) because Briggs dissolved Amor without notifying creditors or paying tax obligations, she did not follow MCL 450.4806. Accordingly, the circuit court affirmed the district court's grant of summary disposition to plaintiffs, finding that piercing the corporate veil was justified because of Briggs's "failure to dispute the assessments, not pay taxes, file late returns, and violate the statute for [dissolution], which caused an unjust injury, upon [plaintiffs], and warrants personal liability for the taxes." Briggs now appeals by leave granted.

## II. SUMMARY DISPOSITION

On appeal, Briggs does not dispute that a judgment could be entered against Amor for unpaid taxes. But, Briggs argues that summary disposition should have been granted in her favor because plaintiffs failed to offer evidence justifying her personal liability, and at a minimum, summary disposition in plaintiffs' favor was inappropriate because questions of material fact remained. We agree, and remand for further proceedings.

## A. STANDARDS OF REVIEW

We review "de novo a trial court's decision on a motion for summary disposition." *Bailey v Antrim Co*, 341 Mich App 411, 421; 990 NW2d 372 (2022) (quotation marks and citation omitted). "De-novo review means that we review the legal issue independently, without deference to the lower court." *Bowman v Walker*, 340 Mich App 420, 425; 986 NW2d 419 (2022) (quotation marks and citation omitted). A motion under MCR 2.116(C)(10) "tests the *factual sufficiency* of a claim. When considering such a motion, a trial court must consider all evidence submitted by the parties in the light most favorable to the party opposing the motion." *El-Khalil v Oakwood Healthcare, Inc*, 504 Mich 152, 160; 934 NW2d 665 (2019) (citation omitted; alteration in original). "A motion under MCR 2.116(C)(10) may only be granted when there is no genuine issue of material fact. A genuine issue of material fact exists when the record leaves open an issue upon which reasonable minds might differ." *Id*. (quotation marks and citations omitted).

"The trial court is not permitted to assess credibility, weigh the evidence, or resolve factual disputes, and if material evidence conflicts, it is not appropriate to grant a motion for summary

disposition under MCR 2.116(C)(10)." *Ass'n of Home Help Care Agencies v Dep't of Health & Human Servs*, 334 Mich App 674, 684 n 4; 965 NW2d 707 (2020) (quotation marks and citation omitted). "Like the trial court's inquiry, when an appellate court reviews a motion for summary disposition, it makes all legitimate inferences in favor of the nonmoving party." *Skinner v Square D Co*, 445 Mich 153, 162; 516 NW2d 475 (1994). "Courts are liberal in finding a factual dispute sufficient to withstand summary disposition." *Patrick v Turkelson*, 322 Mich App 595, 605; 913 NW2d 369 (2018) (quotation marks and citation omitted). "If, after careful review of the evidence, it appears to the trial court that there is no genuine issue of material fact and the opposing party is entitled to judgment as a matter of law, then summary disposition is properly granted under MCR 2.116(I)(2)." *Lockwood v Ellington Twp*, 323 Mich App 392, 401; 917 NW2d 413 (2018).

We review de novo a trial court's decision whether to pierce the corporate veil "because of the equitable nature of the remedy." *Foodland Distrib v Al-Naimi*, 220 Mich App 453, 456; 559 NW2d 379 (1996). Although "we review any of the trial court's findings of fact for clear error, we review de novo the trial court's ruling to the extent that it involves statutory construction." *Teran v Rittley*, 313 Mich App 197, 213; 882 NW2d 181 (2015) (citation omitted). "If the language of a statute is clear and unambiguous, the statute must be enforced as written and no further judicial construction is permitted." *McGregor v Jones*, 346 Mich App 97, 100; 11 NW3d 597 (2023) (quotation marks and citation omitted).

## B. ANALYSIS

A corporation "is a legal fiction." *Green v Ziegelman*, 310 Mich App 436, 450; 873 NW2d 794 (2015). "Absent some abuse of corporate form, courts honor this fiction by indulging a presumption—often referred to as the corporate veil—that the entity is separate and distinct from its owner or owners. Courts will honor this presumption even when a single individual owns and operates the entity." *Id*. at 451 (quotation marks, citation, and alteration omitted). "It is a well-recognized principle that separate corporate entities will be respected." *Seasword v Hilti, Inc*, 449 Mich 542, 547; 537 NW2d 221 (1995). The corporate veil "may be pierced only where an otherwise separate corporate existence has been used to subvert justice or cause a result that is contrary to some other clearly overriding public policy." *Id*. at 548 (quotation marks, citation, and alteration omitted).

"There is no single rule delineating when the corporate entity may be disregarded." *Foodland Distrib*, 220 Mich App at 456. "The party requesting relief from recognition of the entity's separate existence must prove (1) control by the parent to such a degree that the subsidiary has become its mere instrumentality; (2) fraud or wrong by the parent through its subsidiary; and (3) unjust loss or injury to the claimant." *Green*, 310 Mich App at 455 (quotation marks and citation omitted). This Court has "repeatedly stated that a complainant must show that the entity was the mere instrumentality of the owner and that the owner used the entity to commit a fraud or wrong resulting in an unjust loss or injury." *Id*. at 455-456.

In this case, when granting summary disposition to plaintiffs, the district court found that Briggs, as the sole owner and member of Amor, violated the requirements of MCL 450.4806, MCL

450.4807, and MCL 450.4808,[2] causing harm to plaintiffs. The circuit court affirmed the district court's ruling, and found that piercing the corporate veil was warranted because of Briggs's "failure to dispute the assessments, not pay taxes, file late returns, and violate the statute" for dissolution. On appeal, Briggs maintains that it was improper to pierce the corporate veil, and hold her personally liable for Amor's unpaid property taxes, on the basis of her (1) failure to notify plaintiffs of Amor's dissolution under MCL 450.4806, and (2) capacity as the sole owner and member of Amor. We agree.

Regarding the first consideration used in deciding whether to pierce the corporate veil, plaintiffs failed to demonstrate that Amor was a "mere instrumentality" of Briggs. "[W]hen considering whether to disregard the separate existence of an artificial entity, a court must first examine the totality of the evidence surrounding the owner's use of an artificial entity and, in particular, the manner in which the entity was employed in the matter at issue." *Id*. at 458. "From this evidence, the trial court must determine whether the evidence establishes that the owner operated the entity as his or her alter ego—that is, as a sham or mere agent or instrumentality of his or her will." *Id*. When examining whether an artificial entity is a "mere instrumentality" of another entity, courts often look at: "(1) whether the corporation is undercapitalized, (2) whether separate books are kept, (3) whether there are separate finances for the corporation, (4) whether the corporation is used for fraud or illegality, (5) whether corporate formalities have been followed, and (6) whether the corporation is a sham." *Glenn v TPI Petroleum, Inc*, 305 Mich App 698, 716; 854 NW2d 509 (2014).

In plaintiffs' motion for summary disposition, they assert that Amor was "clearly" Briggs's "instrumentality" because Briggs was Amor's "only member and owner." Although it is true Briggs was the sole member, owner, and resident agent of Amor, this alone does not establish that Amor was a "mere instrumentality" of Briggs; instead, it establishes that Briggs owned and operated Amor. In response to plaintiffs' motion, Briggs provided an affidavit asserting she never commingled assets with Amor, never used any assets owned by Amor for her personal use, and Amor never used any assets owned in Briggs's name. Plaintiffs response to this assertion was to state: "Whether that occurred or not is irrelevant and NOT THE TEST regarding piercing the corporate veil." Plaintiffs offered no other evidence supporting that Amor was a mere instrumentality of Briggs beyond Briggs being the sole owner and member. By itself, a single owner and operator will not defeat the corporate veil. See *Bourne v Sanford*, 327 Mich 175, 191; 41 NW2d 515 (1950) (quotation marks and citation omitted) ("The corporate entity is distinct although all its stock is owned by a single individual or corporation."); *Green*, 310 Mich App at 451 (Courts honor the presumption of the corporate veil "even when a single individual owns and operates the entity.").

Regarding the second and third considerations used in deciding whether to pierce the corporate veil, plaintiffs failed to offer evidence indicating that (1) Briggs used Amor to engage in any fraudulent or wrongful conduct, or (2) that conduct caused plaintiffs to suffer an unjust loss. "In considering this element, it is not necessary to prove that the owner caused the entity to directly harm the complainant; it is sufficient that the owner exercised his or her control over the entity in

---

[2] The transcript mistakenly refers to MCL 450.4808 as "section 450.408."

such a manner as to wrong the complainant." *Green*, 310 Mich App at 458. "Finally, the trial court must determine whether the wrong would cause the complainant to suffer an unjust loss." *Id*. at 459.

First, plaintiffs argued that Briggs harmed them by failing to provide notice of dissolution as required by statute.

"The primary goal of statutory interpretation is to give effect to the intent of the Legislature. This determination is accomplished by examining the plain language of the statute itself." *NL Ventures VI Farmington, LLC v Livonia*, 314 Mich App 222, 227; 886 NW2d 772 (2015) (quotation marks and citation omitted). "If the statutory language is unambiguous, appellate courts presume that the Legislature intended the meaning plainly expressed and further judicial construction is neither permitted nor required." *Id*. (quotation marks and citation omitted). "Under the plain-meaning rule, courts must give the ordinary and accepted meaning to the mandatory word 'shall' and the permissive word 'may' unless to do so would frustrate the legislative intent as evidenced by other statutory language or by reading the statute as a whole." *Id*. at 227-228 (quotation marks and citation omitted).

According to MCL 450.4806(1), "[t]he dissolved limited liability company *may* notify its existing claimants in writing of the dissolution *at any time* after the effective date of the dissolution." (Emphasis added.) According to the district court, the word "may" is a modifier for the phrase "at any time" in this statute—it does not mean that notice of dissolution is optional. We disagree.

MCL 450.4806 uses "the permissive word 'may,' " not "the mandatory word 'shall.' " *NL Ventures VI Farmington*, 314 Mich App at 227-228. A plain reading of the statute demonstrates that an LLC has the option to notify creditors of dissolution, but that notification is not required. See *Hackel v Macomb Co Comm*, 298 Mich App 311, 319; 826 NW2d 753 (2012) ("[T]he word 'may' is used to express opportunity or permission."). Moreover, the time period given for notifying creditors is "at any time." The district court's position—that the word "may" modifies the phrase "at any time" —directly cuts against the argument that notification is mandatory. If there is no defined statutory time period for delivering notice, in theory, an LLC could never violate the statute because there is unlimited time in which to deliver notice.

MCL 450.4807(1) also provides an option for giving notice: "A dissolved limited liability company *may* also publish notice of dissolution and request that persons with claims against the company present them in accordance with the notice." (Emphasis added.) The statute goes on to provide when claims become barred after publication of notice. See MCL 450.4807(3). Similarly, MCL 450.4806(3) explains when claims against an LLC are barred after giving written notice to claimants. Therefore, a plain reading of these statutes shows that notice of dissolution is not required, except to utilize statutory protections in barring later claims.

Second, plaintiffs asserted that Briggs harmed them by wrongfully disposing of all Amor's personal-property instead of paying Amor's outstanding taxes.

In support of this assertion, plaintiffs provided the combined delinquent personal-property tax roll for both 2018 and 2019, stating that Amor had a personal-property value of $20,000.

Notably, both documents stated that they were calculated in July 2022, but on appeal, plaintiffs assert that the assessment was conducted in December 2017. In response, Briggs presented Amor's 2017 and 2018 tax returns, showing that: Amor did not have any money on the first and last days of the year; Amor did not have any assets on the last day of the year; and at the end of 2018, Amor suffered a loss of $11,091. Briggs also submitted an affidavit, attesting that Amor ceased operations in 2018, because of a lack of revenue, and on dissolution, no assets were distributed to her. Amor's certificate of dissolution shows that Amor was dissolved in September 2020.

Notably, every document plaintiffs filed indicated it was retrieved or calculated nearly two years after Briggs dissolved Amor in 2020. Conversely, the documents Briggs submitted clearly showed that Amor did not have any money or assets at the end of 2018. Plaintiffs seemingly conclude that because Amor was assessed $20,000, and now has no assets, Briggs must have wrongfully disposed of any assets—without offering any evidence in support. This is insufficient to justify piercing the corporate veil. See *Eason v Coggins Mem Christian Methodist Episcopal Church*, 210 Mich App 261, 263; 532 NW2d 882 (1995) ("[M]ere conclusions, unsupported by allegations of fact, will not suffice to state a cause of action."). When viewed in the light most favorable to Briggs, plaintiffs offered no evidence that Briggs purposefully and wrongfully removed assets or dissolved Amor to avoid paying taxes. Moreover, on appeal, plaintiffs still do not identify any evidence of fraud or misuse of the corporate form. Plaintiffs cite multiple statutes and laws in support of their position, but the statutes cited all support the finding that *Amor* is liable for the unpaid taxes, which Briggs does not dispute.

In this case, plaintiffs moved for summary disposition pursuant to MCR 2.116(C)(10). Under that rule, plaintiffs were required to provide evidence demonstrating no genuine issue of material fact existed. *Lowrey v LMPS & LMPJ, Inc,* 500 Mich 1, 7; 890 NW2d 344 (2016). A motion brought under MCR 2.116(C)(10) must be supported by evidence. See MCR 2.116(G)(4). "[T]he moving party has the initial burden of supporting its position by affidavits, depositions, admissions, or other documentary evidence." *Quinto v Cross and Peters Co*, 451 Mich 358, 362; 547 NW2d 314 (1996). "The burden then shifts to the opposing party to establish that a genuine issue of disputed fact exists." *Id*. "If it appears to the court that the opposing party, rather than the moving party, is entitled to judgment, the court may render judgment in favor of the opposing party." MCR 2.116(I)(2).

Importantly, we limit our review of an MCR 2.116(C)(10) motion to "the evidence properly presented," and we only consider "the substantively admissible evidence actually proffered by the parties." *Platt Convenience, Inc v Ann Arbor*, ___ Mich App ___, ___; ___ NW3d ___ (2024) (Docket No. 359013); slip op at 7 (quotation marks and citations omitted). We "will not scour the record to determine whether there exists a genuine issue of fact, instead focusing only on those specific facts that have been duly set forth by the parties." *Id*. (quotation marks and citation omitted).

As previously stated, we cannot find any evidence showing that Briggs merely used Amor as an instrumentality to commit fraudulent or otherwise wrongful acts. Accordingly, because plaintiffs failed to demonstrate evidence sufficient to justify piercing the corporate veil, the district court erred by granting summary disposition in plaintiffs' favor as opposed to Briggs's favor. See MCR 2.116(I)(2); see also *Dutton Partners, LLC v CMS Energy Corp*, 290 Mich App 635, 644;

-6-

802 NW2d 717 (2010) ("[T]he trial court erred by denying summary disposition because plaintiff failed to demonstrate any evidence of fraud, wrongdoing, or misuse of the corporate form.").

Reversed and remanded for further proceedings consistent with this opinion. We do not retain jurisdiction. Defendant-appellant, being the prevailing party, may tax costs pursuant to MCR 7.219.

/s/ Christopher P. Yates
/s/ Colleen A. O'Brien
/s/ Kathleen A. Feeney